Danny Ray **LAMB** and Odie Lee **Reed,**
Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

Nos. A–15610, A–15670.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1970.

Rehearings Denied Oct. 26, 1970.

Fred Gilbert, Public Defender, Tulsa, for
*plaintiffs in error.*

G. T. Blankenship, Atty. Gen., Hugh H.
Collum, Asst. Atty. Gen., for defendant in
error.

## CONSOLIDATED MEMORANDUM OPINION

BRETT, Presiding Judge:

This decision consolidates two separate appeals from the District Court of Tulsa County, Oklahoma, to-wit: Danny Ray Lamb vs. The State of Oklahoma, No. A–15,610; and Odie Lee Reed vs. The State of Oklahoma, No. A–15,670. Both plaintiffs in error, hereafter referred to as defendants, were convicted for separate offenses of "Burglary of an Automobile," under Title 21 O.S. § 1435. Danny Ray Lamb was seventeen years of age at the time he entered a plea of Guilty to the charge against him, and was given a two year sentence of imprisonment. Odie Lee Reed was seventeen when he appeared before the trial judge on a plea of Not Guilty, but stipulated to the facts stated by the prosecutor as being the evidence which would be offered by the state's witnesses, if they were present; thereafter, the trial judge found Reed guilty, ordered that a pre-sentence investigation and report be provided by the Department of Corrections, and set the date for imposition of judgment and sentence to be had on November 7, 1969, when he was given a two year sentence of imprisonment.

During the period of trial of defendant Reed, defense counsel entered numerous special motions all of which were properly overruled by the trial court.[1] In defendant Lamb's case, when judgment and sen-

---

1. Motions filed on behalf of defendant Reed were: Motion to Set Aside Information for Lack of Jurisdiction, Motion to Transfer to the Juvenile Division of the District Court, Motion for Change of Venue to the Juvenile Division of the District Court, Motion to Defendant's Future Voting Rights, Motion to Dismiss for Lack of

tence was imposed on September 23, 1969, defense counsel orally entered, "for the purposes of the record" his oral motion in arrest of judgment, because the defendant was seventeen years of age; (tr.–18) the trial judge denied defendant's motion. On the following October 2nd, defense counsel filed a motion to withdraw the plea of guilty on grounds that his former plea of guilty was improvidently entered, which was denied by the trial judge at the hearing on October 10th on the motion for new trial which was likewise denied. Thereafter both appeals were lodged in this Court at state expense, insofar as both defendants were determined to be indigent defendants, counsel agrees that the decision in Lamb's appeal shall also be applicable to Reed's appeal, so the two appeals are herein consolidated.

Defendants' counsel has filed outstanding briefs, and he is to be commended for the manner in which he has presented these appeals, as well as for the diligence displayed in pursuing the matters. In arguing the appeal, both defendants set forth that they are not being provided "equal protection" under the laws with that enjoyed by female persons under eighteen years of age. In short, defendants challenge Title 10 O.S.Supp.1969, § 1101(a)—which defines the term "child," as being unconstitutional. That paragraph of the statute provides:

"The term 'child' means any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years."

Defendants argue that the different age limits violate the "equal protection provision" of the Fourteenth Amendment to the United States Constitution in that it leaves the seventeen year old youth subject to adult treatment for misconduct, while at the same time a female of the same age is considered under the juvenile laws, and the punishment specified by those laws until she reaches eighteen years of age. However, as we view the section of the statutes,

we do not find it to be so repugnant to the Constitution of the United States as defendants would attempt to lead the Court to believe. As we view the situation, the statute exemplifies the legislative judgment of the Oklahoma State Legislature, premised upon the demonstrated facts of life; and we refuse to interfere with that judgment.

We have carefully studied and considered the briefs submitted and the cases cited therein. Defense counsel is to be commended for the oustanding manner of presenting his arguments; but notwithstanding, we do not feel warranted in accepting his argument. It is observed also, that all of the cases cited, except for one, concern the adjustment of female rights down to that provided for their opposite sex. The one case cited in defendant's brief is not sufficient to cause this Court to change its position.

Likewise, we do not presume to discuss counsel's argument concerning the oral motion in arrest of judgment, entered at the time judgment and sentence was imposed. As reflected by the record before the Court, in face of the previous records of both defendants, the trial judge exercised his best discretion when judgment and sentence was imposed. We presume from the record that both defendants had previous experience in the juvenile courts; and while defendants' juvenile records are not presented nor are they a part of this record, the trial judge made sufficient reference to their previous records of misconduct to convince this Court that he considered their positions in society along with the interest of the general public in the matters.

Therefore, after considering the briefs submitted, and after giving both appeals much consideration, this Court is of the opinion that the judgments and sentences in both cases should be, and the same are therefore, affirmed.

BUSSEY and NIX, JJ., concur.

Jurisdiction, Demurrer, Motion to Quash, Plea in Abatement, Motion for Error Coram Nobis, Motion for Judgment N.O.V., and Motion in Arrest of Judgment.