**Ricky Lynn COYLE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16083.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1971.

Andrew T. Dalton, Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., James L. Gullett, Asst Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Ricky Lynn Coyle, a seventeen-year-old male, hereinafter referred to as defendant, was charged in the District Court of Tulsa County, Oklahoma with the offense of Unauthorized Use of A Motor Vehicle. The defendant, being represented by his attorney, entered a plea of guilty to the amended charge for Malicious Mischief; his punishment was fixed at six (6) months in the county jail, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The defendant contends that it is a denial of Equal Protection of the Laws Clause of the Fourteenth Amendment to the Constitution of the United States to prosecute offenders of one sex for committing specified acts, or granting to members of the opposite sex immunity under the protection of the juvenile code, and further, that the actions of the State are in violation of defendant's rights under the Nineteenth Amendment to the Constitution of the United States. This Court has previously ruled on this question in the case of Lamb v. State, Okl.Cr., 475 P.2d 829, wherein Judge Brett stated:

"Defendants argue that the different age limits violate the 'equal protection provision' of the Fourteenth Amendment to the United States Constitution in that it leaves the seventeen year old youth subject to adult treatment for misconduct, while at the same time a female of the same age is considered under the juvenile laws, and the punishment specified by those laws until she reaches eighteen years of age. However, as we view the section of the statutes, we do not find it to be so repugnant to the Constitution of the United States as defendants would attempt to lead the Court to believe. As we view the situation, the statute exemplifies the legislative judgment of the Oklahoma State Legislature, premised upon the demonstrated facts of life; and we refuse to interfere with that judgment."

We are, therefore, of the opinion that 10 O.S.Supp. § 1101, does not violate the defendant's constitutional rights under the Fourteenth or Nineteenth Amendments to the Constitution of the United States. The judgment and sentence is, accordingly, affirmed.