Larry **SCHAFFER**, Petitioner,

v.

Honorable Robert G. **GREEN**, District Judge of the 14th Judicial District of Tulsa County, Oklahoma, Respondent.

No. A–17216.

Court of Criminal Appeals of Oklahoma.

March 27, 1972.

Rick Loewenherz, Tulsa, for petitioner.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

This is an original proceeding in which an application to assume original jurisdiction and issue a Writ of Mandamus against the Honorable Robert G. Green, having been filed in the Supreme Court and transferred by the Chief Justice thereof to this Court for the reason that the issues arise out of a criminal proceeding pending in the District Court of Tulsa County, Oklahoma.

The Petitioner, age 17, was charged by Information on the 29th day of September, 1971, with the crime of Burglary in the Second Degree in the District Court of Tulsa County. On the 30th day of November, 1971, a hearing was held by the Honorable Robert G. Green, District Judge, on a motion to transfer the case to the Juvenile Division filed by the Petitioner herein. Whereupon, Judge Green overruled the said Motion and retained jurisdiction of the cause of action in the District Court. Thereafter, the Petitioner perfected his petition for Writ of Mandamus to require Judge Green to transfer the cause to the Juvenile Division of the District Court of Tulsa County.

Petitioner asserted several propositions, only one of which we deem necessary to discuss in this opinion. Petitioner argues that 10 O.S. § 1101 is unconstitutional in that it allows females under the age of 18 years the benefits of juvenile court proceedings, while limiting those same benefits to males under the age of 16 years. We must consider the issue here presented in the light of the unprecedented decision of the Tenth Circuit Court of Appeals, delivered in Lamb v. Brown, 456 F.2d 18 (See Appendix B), on the 16th day of March, 1972, which, in effect, overturned this Court's decision in Lamb v. State, Okl.Cr., 475 P.2d 829 (See Appendix A), and its progeny.

In Lamb v. Brown, the Circuit Court of Appeals spoke with unmistakable clarity, holding that "Because the purpose of the disparity in the age classification between 16–18 year old males and 16–18 year old females has not been demonstrated, we hold that 10 Okl.St.Ann. § 1101(a) is violative of the equal protection clause. This ruling shall not apply retroactively."

■ The provisions of 10 O.S. § 1101(a) enacted by the Oklahoma Legislature in 1968 (See Appendix C), having been stricken as being unconstitutional by virtue of the equal protection clause of the 14th Amendment, we must, of necessity, consider the validity of 10 O.S. § 1101A, enacted in 1970 (See Appendix D), which presents the identical discriminatory age between males and females fixing the age of responsibility of 16 years for males and 18 years for females. Although not specifically dealt with by the Circuit Court of Appeals in Lamb v. Brown, it is readily ap-

parent the Circuit Court, had they considered the validity of 10 O.S. § 1101A, would have held it to be unconstitutional and in violation of the 14th Amendment for the reasons set forth in Lamb v. Brown. Thus, it is clear that the legislative intent to hold males of the age of 16 years and above, and females of the age of 18 years and above, responsible as adults, does not conform with the equal protection clause of the 14th Amendment. Since both provisions of 10 O.S. § 1101A and 10 O.S. § 1101 (a) are unconstitutional and invalid, we must consider what, if any, legislative guidelines exist defining "child," "dependent and neglected child" and delineating, without discrimination between the sexes, those persons criminally responsible as adults for the commission of crimes.

■ At first blush, it would appear that the provisions of 10 O.S. § 1101A which state that the term "child" means any person under the age of 18 years must suffice to allay the uncertainty created by Lamb v. Brown; however, an examination of this section and its title reflect that although fulfilling the requirements of the equal protection clause of the 14th Amendment of the United States Constitution, it is constitutionally defective and, therefore, unconstitutional in the light of Article V, Section 57 of the Oklahoma Constitution, which provides:

> "*Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title,* except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length: Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof." [Emphasis added]

The provision defining "child" is not embraced in the title and is unconstitutional as being in derogation of that portion of Article V, Section 57 of the Oklahoma Constitution, stating: "Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

■ The responsible legislative leadership of both the House and the Senate of the Oklahoma State Legislature have galvanized into action, during the closing days of the session, to fill the legislative void created by Lamb v. Brown, but during the interim, it becomes the Court's responsibility to determine if any prior legislative enactment is still effective defining the age and classifications of persons responsible for criminal acts as adults, and those not responsible, to fill the constitutional requirements of the 14th Amendment of the Federal Constitution; notwithstanding how primitive and punitive the terms may be. Such legislation does exist and became operative upon the pronouncement rendered in Lamb v. Brown, for in 1910, the Legislature originally enacted 21 O.S. § 152 which has never been expressly repealed, nor could it be repealed by inference, by the enactment of unconstitutionally invalid subsequent legislation. Title 21 O.S. § 152 provides, in pertinent part:

> "All persons are capable of committing crimes, except those belonging to the following classes:
>
> 1. Children under the age of seven years.
>
> 2. Children over the age of seven years, but under the age of fourteen years, in the absence of proof that at the time of committing the act or neglect charged against them, they knew its wrongfulness. * * *"

The members of this Court share the shock and distaste which all responsible legislators, parents and citizens will feel by the recognition that the provisions of 21 O.S. § 152 are still effective, and we are

confident that the legislative leaders will, without delay, enact effective and humane constitutionally effective legislation to correct the harshness of this law. It is not within the constitutional authority of this Court to exercise legislative authority when constitutional legislation exists. The invasion of legislative functions by courts not only violates the doctrine of separation of powers, but has brought the courts of the nation into great conflict and disrepute and this author views such action as not only a violation of the constitution, but the oath of judicial office.

In order to allay the great confusion existing in our courts since the pronouncement of Lamb v. Brown, and until new effective legislation can be enacted, we deem it necessary to set forth the following guidelines for the use of the courts, attorneys, and juvenile officers.

(1) From the effective date provided in Lamb v. Brown as being prospective, or, if later decided to be retroactive by the Federal Courts, the provisions of 21 O.S. § 152 shall control until superseded by constitutional legislative enactment in defining as adults all persons over the age of 14.

(2) All persons over the age of seven and under the age of 14, not certified in the manner prescribed by 10 O.S. § 1112 (b) as being capable of standing trial as an adult, shall be treated as a child, dependent child, or dependent and neglected child under the provisions of 10 O.S. § 1112 (See Appendix E), relating to juveniles.

(3) The District Attorneys in filing an application to certify, and Judges before whom any certification hearing of a person under the age of 14 years may be certified to stand trial as an adult, have wide discretion to take into consideration the sociological, environmental and humane advancements made since the original enactment of 21 O.S. § 152 before certifying as an adult any person under the age of 14.

(4) No child under the age of 16 years shall be confined in any police station, prison, jail or lockup, or be transported or detained in association with criminal, vicious or dissolute persons; except that a child 12 years of age, or older, may, with the consent of the judge or director, be placed in a jail or other place of detention for adults, but in a room or ward entirely separate from adults. See 10 O.S. § 1107 (c).

The Petitioner, being of the age of 17 years, may be tried as an adult without certification under the provisions of 21 O.S. § 152.

The writ prayed for is accordingly denied.

SIMMS, J., specially concurs.

BRETT, J., dissents.

## APPENDIX

A. The pertinent part of Lamb v. State, Okl.Cr., 475 P.2d 829, provides:

"* * * as we view the section of the statutes, we do not find it to be so repugnant to the Constitution of the United States as defendants would attempt to lead the Court to believe. As we view the situation, the statute exemplifies the legislative judgment of the Oklahoma State Legislature, premised upon the demonstrated facts of life; and we refuse to interfere with that judgment."

B. The pertinent part of Lamb v. Brown, 456 F.2d 18, provides:

"We are strongly disinclined to hold that the considered judgment of the Oklahoma Legislature in the enactment of 10 Okl.St.Ann. § 1101(a) does not meet the measure of federal constitutional standards. The United States Supreme Court has said this with regard to the equal protection test:

'The Fourteenth Amendment means "that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances"

(Citation omitted). The general doctrine is that that amendment, in respect of the administration of criminal justice, requires that no different degree or higher punishment shall be imposed on one than is imposed on all for like offenses; * * *.' Moore v. Missouri, 159 U.S. 673 at 678, 16 S.Ct. 179, at 181, 40 L.Ed. 301 (1895).

'Judicial inquiry under the Equal Protection Clause, therefore, does not end with ·a showing of equal application among the members of the class defined by the legislation. The courts must reach and determine the question whether the classifications drawn in a statute are reasonable in light of its purpose * * *.' McLaughlin v. Florida, supra, 379 U.S. [184] at 191, 85 S.Ct. [283] at 288 [13 L.Ed.2d 222].

"Lamb v. State, *supra* [Okl.Cr., 475 P.2d 829], is not helpful in our search for a rational justification for the disparity in treatment between 16–18 year old males and 16–18 year old females under the statute. 'Demonstrated facts of life' could mean many things. The 'demonstrated facts' which the Court relied upon are not spelled out. They are not obvious or apparent. We therefore cannot weigh them to determine if they 'might suffice to characterize the classification as reasonable rather than arbitrary and invidious.' McLaughlin v. Florida, *supra*, 379 U.S. at 191, 85 S.Ct. at 288.

"We have not been presented with a logical constitutional justification for the discrimination inherent in 10 Okl.St.Ann. § 1101(a). The State, in its brief and oral argument has simply relied upon the unexplained 'demonstrated facts of life.' Because the purpose of the disparity in the age classification between 16–18 year old males and 16–18 year old females has not been demonstrated, we hold that *10 Okl.St.Ann.* § 1101(a) is violative of the equal protection clause. This ruling shall not apply retroactively." (Emphasis added).

C. Title 10 O.S. § 1101(a) provides as follows:

"The term 'child' means any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years."

D. Title 10 O.S. § 1101A provides as follows:

"As used in Title 10 of the Oklahoma Statutes, §§ 1101 et seq., the term 'child' means any person under the age of eighteen (18) years. The term 'delinquent child' means (1) any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years who has violated any federal or state law or municipal ordinance, excepting a traffic statute or ordinance, or any lawful order of the court made under this act; or (2) a child who has habitually violated traffic laws or ordinances."

E. Title 10 O.S. § 1112 provides as follows:

"(a) Except as hereinafter provided, a child who is charged with having violated any State statute or municipal ordinance shall not be tried in a criminal action, but in a juvenile proceeding in accordance with this Act. If, during the pendency of a criminal or quasi-criminal charge against any person, it shall be ascertained that the person was a child at the time of committing the alleged offense, the court shall transfer the case, together with all the papers, documents and testimony connected therewith, to the juvenile division of the court. The division making such transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile division, to that division itself, or release such child to the custody of some suitable person to be brought before the juvenile division. However, nothing in this Act shall be construed to prevent the exercise of concurrent jurisdiction by another division of the District Court or by police courts or municipal courts in cases involving children wherein the

child is charged with the violation of a State or municipal traffic law or ordinance.

(b) If a child is charged with delinquency as a result of an offense which would be a crime if committed by an adult, the court, after full investigation and a preliminary hearing, may in its discretion continue the juvenile proceeding, or it may certify such child capable of knowing right from wrong, and to be held accountable for his acts, for proper criminal proceedings to any other division of the court which would have trial jurisdiction of such offense if committed by an adult.

(c) Prior to the entry of an order of adjudication, any child in custody shall have the same right to be released upon bail as would an adult under the same circumstances."

SIMMS, Judge (specially concurring):

Although it is highly repugnant to my personal philosophy regarding the legal criminal procedures wherein persons of relatively tender years are involved, I feel the obligations of my oath as a judicial officer require me to concur in the legal conclusion reached by Judge Bussey.

In 1968, the Thirty-First Legislature enacted Senate Bill No. 446, which defined the term "child" as being "any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years." This same Act also defined "delinquent child," "child in need of supervision," and "dependent or neglected child." Senate Bill No. 446 was codified as 10 O.S.Supp.1968, §§ 1101 to 1504.

In 1970, the Thirty-Second Legislature amended 10 O.S.Supp.1968, § 1101 by the passage of Senate Bill No. 375, which amendment omitted any definition of the word "child", but did define "delinquent child" to mean "(1) any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years who has violated any federal or state law or municipal ordinance, * * *."

The 1970 definition of "delinquent child" was codified as 10 O.S.Supp.1970, § 1101 (a).

As well, the Thirty-Second Legislature enacted 10 O.S.Supp.1970, § 1101A, the title to which act, which was House Bill No. 1292, reads as follows:

"An Act Relating to Children; *Amending Section. 109, Chapter 282, O.S.L.1968 (10 O.S.Supp.1969, § 1109);*

*Pertaining to the questioning of children by law enforcement officers and others; defining terms, and directing codification of definitions."*

Section 2 of 1101(A) contains two definitions. "Child" is defined as any person under the age of eighteen (18) years. "Delinquent child" is defined in the exact language as is set out in 10 O.S.Supp. 1970, § 1101(a).

Unquestionably, the Legislature intended to maintain the distinction between a person under the special statutory ages who had violated a criminal law and the general term "child."

Such Legislative intent can be found in S.C.R. No. 93, adopted in April of 1970, wherein the Thirty-Second Legislature stated there was no Legislative intent in the enactment of Enrolled Senate Bill No. 375 to make it possible for a child previously certified as an adult, for purposes of a criminal prosecution, to be dealt with as a "child in need of supervision" or a dependent or neglected "child" as a result of such legislation. It is to be noted that the ages for both "child in need of supervision" and "dependent or neglected child" was established at eighteen (18) for both sexes; as distinguished from those cases where a person under the ages of sixteen (16) and eighteen (18) had violated a criminal sanction.

Because the language of 10 O.S.Supp. 1970, § 1101A is identical with the language

of 10 O.S.Supp.1970, § 1101(a), insofar as both define the term "delinquent child," that part of § 1101A must fall as being unconstitutional in light of language of Lamb v. Brown, 10 Cir., 456 F.2d 18.

The definition of "child" as contained in § 1101A must likewise fall because of two reasons. First, it is clear the definition of "child" as contained in § 1101A was not intended by the Legislature to apply to those persons who had violated a criminal law or penal' ordinance, and secondly, and as spelled out by Judge Bussey, the provisions of § 1101A do not stand the test of Art. 5, Sec. 57, of the Oklahoma Constitution.

State ex rel. Short v. Johnson, 90 Okl. 21, 215 P. 945 (1923) clearly held:

> The provision of this section, that every act shall have but one subject, which shall be clearly expressed in its title, is positive, mandatory, and reasonable.

Also, School Dist. No. 25 of Woods County v. Hodge, 199 Okl. 81, 183 P.2d 575, held that the purpose of the constitutional provision of Art. 5, Sec. 57, that every Act of the Legislature shall embrace but one subject which shall be clearly expressed in its title is to prevent the blending of repugnant objects in one Act, and to prevent the inclusion of provisions not indicated by the title, in order that those interested may not be misled or misinformed as to contents of the statute by any expression used in its title.

If there is no constitutionally acceptable definition of a child or the establishment of an age at which a child may subject himself to juvenile proceedings because of the violation of a criminal law, 10 O.S.Supp.1968, § 1112 becomes vague, uncertain, indefinite, incapable of construction and application, and therefore unconstitutional.

The only salvation for § 1112 of the Juvenile Code, in as much as it relates to criminal or quasi-criminal charges, is to say that Title 21, § 152, is the only constitutional and non-discriminatory legislative act remaining wherein the age at which the person is presumed to know right from wrong and accountable for his acts.

The opinion of this Court, written by Judge Bussey, and concurred in by an additional member of the Court, erases any question concerning the validity of any conviction had upon a male child of the age of sixteen (16) or seventeen (17) without a juvenile hearing prior to the opinion of the Court of Appeals, 10th Circuit, and as well, any conviction had on males sixteen (16) or seventeen (17) between the 10th Circuit opinion and the date of this opinion. This be true even if the opinion of the Federal Court was treated as retroactive, rather than prospective, in application.

There has been placed before me a Dissent to. the Courts holding, written by my colleague, Judge Brett. The Dissent closes with the observation that this Court should hold "that males under eighteen years of age who are charged with the commission of a crime, are—like females—juveniles."

Cannot it be as logically argued that with the lowering of the voting age; with the advent of eighteen year olds serving on juries and passing judgment of their fellow man, that this Court should not follow what seems to be a National trend and also lower the age of juveniles to sixteen, or even fifteen?

Have we, in this so-called enlightened time, forgotten the basic structure of our Republic? Are we to ignore the fundamental constitutional concept of separation of powers between the Legislative, Executive, and Judicial branches of government?

Clearly, the establishment of a non-discriminatory age to govern juvenile proceedings is a matter of public policy, and rests exclusively with the Legislature and not with the Courts. Unquestionably, one of the major areas of public discontent with the judiciary is the tendency on the part of some judges to substitute their own "legislative judgment" for that of constitutionally formed and acting Legislatures.

**382**

BRETT, Judge (dissenting).

I must respectfully dissent to this decision. I do not agree that Title 10 O.S.Supp. 1970, § 1101A, must be declared unconstitutional especially for the reasons stated. It is not intended that Article 5, Section 57, of the Oklahoma Constitution be construed in the restrictive manner indicated in this decision. This section relating to a statute's containing more than one subject should not be technically, strictly, or narrowly, but reasonably, fairly, broadly, and liberally construed, with due regard to its purpose. Bond v. Phelps, 200 Okl. 70, 191 P.2d 938 (1934). This Court provided in In re Powell, 6 Okl.Cr. 495, 120 P. 1022 (1912), "When there are numerous provisions having *one general object,* the title is sufficient if it fairly indicates the general purpose of the act. . . ." (Emphasis added.) Purpose of provision of this section that every act of Legislature shall embrace but one subject is to forbid Legislature from embracing in any one act two or more unconnected subjects. Chastain v. Oklahoma City, 208 Okl. 604, 258 P.2d 635. House Bill No. 1292, Chap. 226, p. 370, 1970 Session Laws, does not embrace two or more unconnected subjects. The object with which the bill concerned itself is "children"; the subject considered therein is the "rights of children." Therefore, I do not consider that the Legislation is unconstitutional.

Further, the Court of Appeals, Tenth Circuit decision in Lamb v. Brown, 456 F. 2d 18 (1971), did not hold the entire act to be unconstitutional. Instead that decision recites: ". . . we hold that 10 Okl.St. Ann. § 1101(a) is violative of the equal protection clause." Consequently, I believe this Court should hold that males under eighteen years of age who are charged with the commission of a crime are—like females—juveniles; and before they can be tried as adults they must first be certified to stand trial as adults by the juvenile court.

I therefore dissent.