Donald DIXON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17159.

Court of Criminal Appeals of Oklahoma.

May 10, 1972.

Rehearing Denied June 21, 1972.

Robert A. Jackson, Cassil, Jackson & Hall, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Donald Dixon, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County, Oklahoma, for the crime of Possession of Marijuana. On October 6, 1970, he appeared in open court with his attorney and freely and voluntarily entered a plea of guilty to said offense with full knowledge of the nature and consequence of such plea. He was sentenced to serve a term of two (2) years imprisonment in the state penitentiary. Said judgment and sentence was suspended under the terms and conditions provided by the court. Thereafter, a Motion to Revoke the Order Suspending Judgment and Sentence was duly filed and set for hearing, at which time the defendant, while represented by counsel, appeared and sought to withdraw the plea of guilty previously entered. This motion was overruled when the defendant admitted having been convicted in the District Court of Garfield County, Case Number CRF–71–226, on a plea of guilty, and the Judge found the terms and conditions of the suspended sentence had been violated, and revoked the Order Suspending Judgment and Sentence. This appeal has been perfected therefrom.

Defendant's first proposition asserts "that the trial in Oklahoma County, The Honorable Clarence Mills presiding, should have granted Plaintiff in Error's motion to set aside plea of guilty on the grounds that Plaintiff in Error was a male age sixteen (16) at the time he entered the plea of guilty and as such, the Court did not have jurisdiction for the reason that said Plaintiff in Error had not been certified as an adult from Juvenile Court in conformance with 10 Okl.St.Ann. § 1101A." The recent case of Schaffer v. Green, Okl. Cr., 496 P.2d 375, this Court held 10 O.S., § 1101A to be unconstitutional. In a special concurring opinion in Schaffer, supra, Judge Simms stated:

"The opinion of this Court, written by Judge Bussey, and concurred in by an additional member of the Court, erases any question concerning the validity of any conviction had upon a male child of the age of sixteen (16) or seventeen (17) without a juvenile hearing prior to

the opinion of the Court of Appeals, 10th Circuit, and as well, any conviction had on males sixteen (16) or seventeen (17) between the 10th Circuit opinion and the date of this opinion. This be true even if the opinion of the Federal Court was treated as retroactive, rather than prospective, in application."

 The second proposition contends that the revocation was invalid for the reason that there was insufficient evidence presented at the Revocation Hearing. We find this proposition to be patently frivolous. Defendant admitted at the Revocation Hearing that he entered a plea of guilty in Garfield County to the offense of Possession of Marijuana on March 6, 1971. Such evidence is sufficient to warrant the revocation of the suspended sentence.

■ The third and final proposition asserts that the attempted revocation was invalid for the reason that the statute which provides for the granting of two suspended sentences, 22 O.S., § 991A, would seem to clearly indicate that the District Court has the authority to grant under proper circumstances as many as two suspended sentences in felony cases. Defendant argues under this proposition that the granting of the second suspended sentence by the trial court in Garfield County could logically stop the revocation of the first suspended sentence. Although this proposition is improperly before this Court in that the defendant does not cite authority, we have considered the same and are of the opinion that it is totally without merit. In Anderson v. State, Okl. Cr., 489 P.2d 797, we stated:

"* * * [W]e herein hold that any suspended sentence imposed, by the trial courts of this State, contains the inherent condition that the person placed on suspended sentence shall not commit any felony during the period of his suspension; and in the event the person on probation on a suspended sentence is convicted for the commission of a felony during his period of suspension, such

conviction shall warrant the revocation of his suspended sentence."

The Order Revoking the Order Suspending Judgment and Sentence is affirmed.

SIMMS, J., concurs, and BRETT, J., dissents.