The STATE of Oklahoma, ex rel. Tony R. BURNS, District Attorney, Stephens County, Petitioner,

v.

The Honorable Ellen C. STEELY, Associate District Judge for the Fifth Judicial District Stephens County, of the State of Oklahoma, Respondent.

No. O–79–476.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1979.

Tony R. Burns, Dist. Atty., Joe H. Enos, Asst. Dist. Atty., Stephens County, for petitioner.

David L. Benefield, Garvin, Bonney, Weaver & Corley, James L. Kee, Kee, Kramer & Stuart, Thomas T. Ellis, Sullivan, Ellis & Leonard, Duncan, for respondent.

## OPINION

CORNISH, Presiding Judge:

The pivotal issue in this proceeding is whether our earlier decision to declare unconstitutional the statute relating to "reverse certification"[1] had the effect of creating a void that precludes certifying juveniles for adult prosecution in felony cases. On August 8, 1979, an order was entered in the District Court of Stephens County denying the State's motion to certify four named juveniles.

The Court expressly held that our decision in *State ex rel. Coats v. Johnson*, Okl. Cr., 597 P.2d 328 (1979), voided 10 O.S.Supp. 1978, § 1104.2, and § 1112(b), in their entirety and that the invalidation of these statutes does not revive the former statutory procedure for certification. We assume jurisdiction to clarify the misinterpretation of our recent holding in *Johnson.*

 It is clear, from the *Johnson* opinion, that this Court has declared unconstitutional both 10 O.S.Supp.1978, § 1104.2 and § 1112(b), in their entirety. The effect of that holding, however, is not that this State has been left without any statutory provision by which delinquent children can be certified to stand trial as adults. To so construe *Johnson* is to deny the general rule of both this Court and courts across the nation: "A decision holding a statutory provision invalid has the effect of reactivating a prior statute which the invalid act had displaced."[2] 1 C.D. Sands, *Sutherland's*

---

1. Title 10 O.S.Supp.1978, § 1104.2 and § 1112(b).

2. When a statute providing for different rules for appeals from a revocation of a liquor license was declared unconstitutional, the Supreme Court of Illinois held that the effect of the enactment of an invalid amendment to a statute is to leave the law in force as it existed prior to the adoption of the amendment, *Johnkol, Inc. v. License App. Comm'n of City of Chicago*, 42 Ill.2d 377, 247 N.E.2d 901 (1969).

When a portion of a taxing statute was struck down for reasons of unconstitutionality, the Supreme Court of Washington stated that "the invalidity of a statute leaves the law as it stood prior to the enactment of the invalid statute. . . . ." (Citations omitted) *Boeing Company v. State*, 74 Wash.2d 82, 442 P.2d 970 (1968). The Court continued, saying that a legislative void would only result when the act which had been held unconstitutional or vetoed was an original act unrelated to existing legislation. *Boeing Company v. State*, supra. When an

*Statutes and Statutory Construction* (4th Ed. 1972), § 2.07, Effects of Holding Legislation Invalid.

This law of construction has a long history in Oklahoma, dating back to *Porter v. Commissioners of Kingfisher County*, 6 Okl. 550, 51 P. 741 (1898).[3] Judge Keaton, in writing for a unanimous Oklahoma Supreme Court, held a school segregation statute unconstitutional. In finding the law void, the Court said, "It follows that [the prior law, passed in 1893] remains in full force and effect; for, if a statute which purports to repeal a prior one is itself void, said prior statute is in no wise affected by the attempted repealing enactment."[4]

Applying this rule of construction, we now briefly review the effect of the holdings of the Federal Court of Appeals and this Court in *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972), and *Schaffer v. Green*, Okl.Cr., 496 P.2d 375 (1972). The *Lamb* Court held violative of the Equal Protection Clause of the United States Constitution that statute in the Oklahoma Children's Code which differentiated between the sexes on the basis of age in defining the term "delinquent child." In following *Lamb*, we held that the previous statute in the Oklahoma Crimes and Punishment Code specifying classes of children incapable of committing crimes had not been expressly repealed "nor could it be repealed by inference, by the enactment of unconstitutionally invalid subsequent legislation." *Schaffer v. Green*, 496 P.2d at 377, supra.

Although in *Freshour v. Turner*, Okl.Cr., 496 P.2d 389 (1972), we held that the effect of *Lamb* and *Schaffer* was to leave the Children's Code devoid of any definition of "delinquent child," we corrected our position in *Dean v. Crisp*, Okl.Cr., 536 P.2d 961 (1975),[5] where we reached back for the most current constitutional statute preceding the one invalidated by *Schaffer*. We recognized that since 1898 the law in Oklahoma has been that when a statute has been repealed by subsequent legislation, which legislation is declared unconstitutional, the repealing act is invalid, deeming the former act unaffected by the void repealing enactment. The opinion states that it could be argued that the Legislature intended the former statute to be repealed regardless of the subsequent law. However, the Court found that it could not be said that the Legislature intended there to be no definition of "delinquent child." Similarly, it was not the intent of the 1978 Legislature that there be no procedure for certification. Judge Bussey's opinion stated that the former statute's repeal "was contingent upon the subsequent statute being constitutional." *Dean v. Crisp*, 536 P.2d at 964, supra, citing *Weissinger v. Boswell*, supra.

Having established the efficacy of this rule of construction, we now take a brief look at the law of certification as it has developed in Oklahoma. The United States Supreme Court issued the definitive statement on due process certification of juveniles in 1966. See *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). In an appendix to that opinion, the Court suggested guidelines for the exercise of the judge's discretion in deciding whether or not to waive the jurisdiction of the Juvenile Court over a child.

Alabama taxing statute was held unconstitutional, the Court held that the former statute, purportedly repealed by the new, remained in effect.

"'The elementary rule of statutory construction is without exception that a void act cannot operate to repeal a valid existing statute, and the law remains in full force and operation as if the repeal had never been attempted.'" *Weissinger v. Boswell*, 330 F.Supp. 615 (M.D.Ala., N.D.1971).

3. The holding in *Porter*, supra, was recognized by the Supreme Court in *Board of Education v. Board of Com'rs.*, 14 Okl. 322, 78 P. 455 (1904); in *Olson v. Logan County Bank*, 29 Okl. 391,

118 P. 572 (1911); and by this Court in *Dean v. Crisp*, Okl.Cr., 536 P.2d 961 (1975), infra.

4. *Porter v. Commissioners of Kingfisher County*, 6 Okl. 550, 51 P. 741, 743 (1898).

5. The *Dean v. Crisp* rule was followed in 1977 by this Court in holding that overruling a case which had held unconstitutional a statute has the same effect of reviving that statute as does holding that a subsequent repealing statute is unconstitutional results in reinstating the prior constitutional statute. *Noah v. State*, Okl.Cr., 562 P.2d 950 (1977).

In rewriting the Children's Code for this State in 1968,[6] the Legislature left to the discretion of the juvenile court whether to certify a child on the basis of knowing right from wrong. The State Legislature, in 1973, incorporated the *Kent* guidelines into the certification statute.[7] By amendment in 1978, the Legislature inserted for the first time provisions for reverse certification of juveniles of a certain age who had been charged with certain crimes.[8] It was this enactment which led to our decision in *Johnson* to invalidate the certification statute.

This Court has not been hesitant in mandating due process requirements for certification. We adopted the *Kent* standards in *Sherfield v. State*, Okl.Cr., 511 P.2d 598 (1973), and in so doing clarified the existing Oklahoma law on certification. Guidelines were established for the procedure which should be followed prior to a certification hearing, *J.T.P. v. State*, Okl.Cr., 544 P.2d 1270 (1975), and we required that when a hearing has the potential of becoming a certification hearing notice be given. *Bruner v. Myers*, Okl.Cr., 532 P.2d 458

(1975). Today we reiterate that Laws 1977, c. 79, § 2, is constitutional. *Matter of M. E.*, Okl.Cr., 584 P.2d 1340 (1978). Reaffirming our holding in that case, we reassert the viability and applicability of Laws 1977, c. 79, § 2, in light of *Johnson*. Therefore, the 1977 law should be followed by the trial judges of this state from June 21, 1979, subject to any legislative amendments.

It is the opinion of this Court that the petition for a writ of mandamus in Case Nos. JFJ–79–51, JFJ–79–55, JFJ–79–62, and JFJ–79–63 should be and the same is hereby *GRANTED*. The District Court of Stephens County is ordered to *VACATE* its order of August 8, 1979, and to proceed according to the mandates of Laws 1977, c. 79, § 2.

BRETT and BUSSEY, JJ., concur.

---

**6.** Laws 1968, c. 282.

**7.** Laws 1973, c. 227, § 1. The *Kent* guidelines have remained in the Code since that time, except for a brief period in 1974. See Laws 1974, c. 35, § 1, and Laws 1974, c. 272, § 2. The original eight standards were compacted into five in 1977. See Laws 1977, c. 79, § 2.

**8.** Title 10 O.S.Supp.1978, § 1112(b).