Troy **BROOKS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–80–280.

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1982.

Rehearing Denied Dec. 14, 1982.

Carroll Samara, Lawrence H. McMillin, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Larry Oakes, Asst. Atty. Gen., Richard Parrish, Legal Intern, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Troy Brooks, was charged with Shooting with Intent to Kill, he was convicted of Assault and Battery with a Deadly Weapon, in Kingfisher County District Court, Case No. CRF–77–56, was sentenced to two (2) years' imprisonment, and he appeals. Brooks had shot a police officer in Kingfisher, Oklahoma, on November 9, 1977.

In several of his assignments of error (numbered III, IV, V, and VI), the appellant complains of alleged errors which occurred in a proceeding held on May 16, 1978, whereby he was certified to stand trial as an adult, pursuant to Laws 1977, ch. 79, § 2, now 10 O.S.1981, § 1112. However, the appellant failed to timely appeal the order certifying him to stand trial as an adult, which was entered on May 18, 1978. Laws 1977, ch. 79, § 4, now 10 O.S.1981, § 1123, states in pertinent part as follows:

B. The record on appeal of an order of adjudication or of an order certifying or denying certification of a juvenile to stand trial as an adult shall be completed and the appeal perfected within sixty (60) days after the date of the order.

The time to appeal the order of certification has long since passed and, therefore, the

appellant's complaints regarding his certification are not properly before this Court. 10 O.S.1981, § 1123; see also, *J.L.D. v. Jennings,* 603 P.2d 1165 (Okl.Cr.1979); and, *Reynolds v. State,* 575 P.2d 628 (Okl.Cr. 1978).

■ Next, the appellant argues that the criminal division of the district court was without jurisdiction to try him because he was seventeen (17) years and two (2) months old when he shot assistant-chief of police, Jones. We do not agree. The record before us reveals that a criminal information was filed in the District Court of Kingfisher County, on November 9, 1977. Thereafter, it was discovered that the appellant was under eighteen (18) years of age, and on January 18, 1978, a certification hearing was requested and ordered; it resulted in Brooks' certification to stand trial as an adult. The actions of the district court were in accordance with Laws 1977, ch. 79, § 2, now 10 O.S.1981, § 1112.[1] This assignment of error is without merit.

Further, the appellant's contention that in light of our decision in *State ex rel. Coats v. Johnson,* 597 P.2d 328 (Okl.Cr.1979), in which we held 10 O.S.Supp.1978, § 1112, to be unconstitutional, his conviction should be set aside is without merit, as we have previously held contra has contention in *State ex rel. Burns v. Steely,* 600 P.2d 367 (Okl.Cr. 1979), which is dispositive of this issue.[2]

■ In his final assignment of error, the appellant alleges that he was prejudicially denied his right to a speedy hearing. In support of his contention, he relies upon *L.D.F. v. State,* 561 P.2d 114 (Okl.Cr.1977), in which this Court found a 20 month delay between the incident and certification, during which time the defendant turned 18 years of age, to be a denial of his constitutional right to a speedy hearing. In *L.D.F.,* supra, this Court recognized the balancing test set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to be used in addressing the issue now raised. Applying the balancing test and comparing the present case to *L.D.F.,* we find as follows: (1) the length of delay was 6 months as compared to 20 months in *L.D.F.;* (2) the reasons for the delay were that Brooks spent 2 months in Central State Hospital for observation; he changed counsel; it was not readily ascertained that he was a juvenile; and one time his attorney was not present at the time the certification hearing had been scheduled; whereas in *L.D.F.,* the record was wholly silent as to the reasons for delay; (3) the appellant did not assert his right to a speedy hearing; and (4) whereas in *L.D.F.,* the prejudice to the defendant was obvious, here, the appellant has failed to demonstrate, nor does it appear to this Court, that he was prejudiced by the delay. Accordingly, this assignment of error is without merit.

1. The statute provides in pertinent part as follows:

   a) ... If, during the pendency of a criminal or quasi-criminal charge against any person, it shall be ascertained that the person was a child at the time of committing the alleged offense, the district court or municipal court shall transfer the case, together with all the papers, documents and testimony connected therewith, to the juvenile division of the district court.

   \* \* \* \* \* \*

   (b) If a child is charged with delinquency as a result of an offense which would be a felony if committed by an adult, the court on its own motion, or at the request of the district attorney shall conduct a preliminary hearing to determine whether or not there is prosecutive merit to the complaint. If the court finds that prosecutive merit exists, it shall continue the hearing for a sufficient period of time to conduct an investigation and further hearing to determine the pros-

   pects for reasonable rehabilitation of the child if he should be found to have committed the alleged act or omission.

   \* \* \* \* \* \*

   After such investigation and hearing, the court may in its discretion proceed with the juvenile proceeding, or it shall state its reasons in writing and shall certify that such child shall be held accountable for his acts as if he were an adult and shall be held for proper criminal proceedings for the specific offense charged, by any other division of the court which would have trial jurisdiction of such offense if committed by an adult.

2. In *Steely,* we held:

   ... Laws 1977, c. 79, § 2, is constitutional. *Matter of M.E.,* Okl.Cr. (1978), 584 P.2d 1340. Reaffirming our holding in that case, we reassert the viability and applicability of Laws 1977, c. 79, § 2, in light of *Johnson.*

The judgment and sentence is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.