**Brent Vol-Said JOHNSON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**Nos. A–16087, A–16088, A–16089.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1970.

Rehearing Denied Nov. 23, 1970.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

No brief from Attorney General.

MEMORANDUM OPINION

BUSSEY, Judge:

Brent Vol-Said Johnson, age sixteen, hereinafter referred to as defendant, was charged in the District Court of Tulsa County, Case numbers CRF–70–68, CRF–70–137, and CRF–70–163, with the crimes of Unauthorized Use of a Vehicle, Knowingly Concealing Stolen Property, and Larceny of an Automobile. The defendant, being represented by his attorney, entered pleas of guilty to the said offenses and was sentenced to two years imprisonment for each offense, said sentences to run concurrently, and from said judgments and

sentences, timely appeals have been perfected to this Court.

The defendant contends that it is a denial of the equal protection of the laws clause of the Fourteenth Amendment to the Constitution of the United States to prosecute offenders of one sex for committing specified acts while granting to members of the opposite sex immunity under the protection of the juvenile code and further that the action of the State is in violation of defendant's rights under the Nineteenth Amendment to the Constitution of the United States.

The defendant, in short, alleges that 10 O.S., Supp., § 1101 is unconstitutional insofar as it discriminates on the basis of sex. This statute provides:

> As used in Title 10, of the Oklahoma Statutes, §§ 1101 et seq., the term 'child' means any person under the age of eighteen (18) years. "The term 'delinquent child' means (1) any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years who has violated any federal or state law or municipal ordinance, excepting a traffic statute or ordinance, or any lawful order of the court made under this act; or (2) a child who has habitually violated traffic laws or ordinances."

This Court recently ruled on this question in the case of Lamb and Reed v. State, Okl. Cr., 475 P.2d 829, wherein Judge Brett stated:

> "Defendants argue that the different age limits violate the 'equal protection provision' of the Fourteenth Amendment to the United States Constitution in that it leaves the seventeen year old youth subject to adult treatment for misconduct, while at the same time a female of the same age is considered under the juvenile laws, and the punishment specified by those laws until she reaches eighteen years of age. However, as we view the section of the statutes, we do not find it to be so repugnant to the Constitution of the United States as defendants would

attempt to lead the Court to believe. As we view the situation, the statute exemplifies the legislative judgment of the Oklahoma State Legislature, premised upon the demonstrated facts of life; and we refuse to interfere with that judgment."

We are, therefore, of the opinion that 10 O.S.Supp., § 1101 does not violate the defendant's constitutional rights under the Fourteenth or Nineteenth Amendments of the Constitution of the United States. We thus find this proposition to be without merit. The judgments and sentences in each case are hereby

Affirmed.

BRETT, P. J., and NIX, J., concur.