**Danny Ray LAMB, Appellant,**

v.

**Lozier BROWN, Appellee.**

**No. 71–1355.**

United States Court of Appeals, Tenth Circuit.

March 16, 1972.

Rehearing Denied April 14, 1972.

Fred P. Gilbert, Tulsa, Okl. (Wm. S. Dorman, Tulsa, Okl., on the brief), for appellant.

H. L. McConnell, Asst. Atty. Gen., Oklahoma City, Okl. (Larry Derryberry, Atty. Gen., Oklahoma City, Okl., on the brief), for appellee.

Before SETH and BARRETT, Circuit Judges, and MECHEM *, District Judge.

BARRETT, Circuit Judge.

Danny Ray Lamb, then 17 years of age, was tried as an adult under 10 Okl.

* Of the District of New Mexico, sitting by designation.

St.Ann. § 1101 (Supp.1969) for the crime of burglary of an automobile, a felony proscribed by 21 Okl.St.Ann. § 1435.

Lamb contends that he should have been proceeded against as a juvenile in juvenile court. He argues that 10 Okl. St.Ann. § 1101 (Supp.1969) is unconstitutional in that it allows females the benefits of juvenile court proceedings under the age of 18 years while limiting those same benefits to males under the age of 16 years. The Oklahoma Supreme Court ruled on this issue in Lamb v. State, 475 P.2d 829 (Okl.1970). There the Court said:

" . . . [A]s we view the section of the statutes, we do not find it to be so repugnant to the Constitution of the United States as the defendants would attempt to lead the Court to believe. As we view the situation, the statute exemplifies the legislative judgment of the Oklahoma State Legislature, *premised upon the demonstrated facts of life*; and we refuse to interfere with that judgment." 475 P.2d at 830. (Emphasis ours).

The "demonstrated facts of life" reasoning was also applied in Benson v. State, 488 P.2d 383 (Okl.1971), and Johnson v. State, 476 P.2d 397 (Okl.1970), where *Lamb* was quoted.

Lamb filed a habeas corpus application in the federal district court below alleging that 10 Okl.St.Ann. § 1101 (Supp.1969) is violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution. He appeals from denial of relief.

10 Okl.St.Ann. § 1101(a) provides in pertinent part: "The term 'child' means any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years." Appellant urges that this distinction between the sexes amounts to an invidious discrimination against males violative of the equal protection clause of the Fourteenth Amendment.

It is fundamental that wide discretion is vested in a state's legislative body relating to the establishment of reasonable classifications for purposes of promoting the health, safety and welfare of those within its jurisdiction. In Skinner v. Oklahoma, ex rel. Williamson, Attorney General, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942) the United States Supreme Court recognized that a large deference must be paid to the state in passing on the validity of a classification effected by its criminal statutes:

"[A] State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment. Nor is it prevented by the equal protection clause from confining 'its restrictions to those classes of cases where the need is deemed to be clearest. * * * the law does all that is needed when it does all that it can, indicates a policy, applies it to all within the lines, and seeks to bring within the lines all similarly situated so far and so fast as its means allow.' " 316 U.S. at 540, 62 S.Ct. at 1113.

State legislative bodies are to be "given the benefit of every conceivable circumstance which might suffice to characterize the classification as reasonable rather than arbitrary and invidious". McLaughlin v. Florida, 379 U.S. 184, 85 S. Ct. 283, 13 L.Ed.2d 222 (1964).

Federal courts cannot interfere with state court prosecutions unless irreparable injury is both great and immediate. Younger, District Attorney of Los Angeles County v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We do not risk such interference here. We have previously noted that the Oklahoma Supreme Court has ruled on the same federal constitutional issues presented here. Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) teaches that:

"[A] state court's inability to grant relief does not bar a federal court's assuming jurisdiction to inquire into

**20**

alleged deprivation of federal constitutional rights." 369 U.S. at 236, 82 S. Ct. at 720.

We are strongly disinclined to hold that the considered judgment of the Oklahoma Legislature in the enactment of 10 Okl.St.Ann. § 1101(a) does not meet the measure of federal constitutional standards. The United States Supreme Court has said this with regard to the equal protection test:

"The Fourteenth Amendment means 'that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances.' (Citation omitted). The general doctrine is that that amendment, in respect of the administration of criminal justice, requires that no different degree or higher punishment shall be imposed on one than is imposed on all for like offenses; * * *." Moore v. Missouri, 159 U.S. 673 at 678, 16 S.Ct. 179 at 181, 40 L.Ed. 301 (1895).

"Judicial inquiry under the Equal Protection Clause, therefore, does not end with a showing of equal application among the members of the class defined by the legislation. The courts must reach and determine the question whether the classifications drawn in a statute are reasonable in light of its purpose * * *." McLaughlin v. Florida, *supra*, 379 U.S. at 191, 85 S. Ct. at 288.

Lamb v. State, *supra*, is not helpful in our search for a rational justification for the disparity in treatment between 16–18 year old males and 16–18 year old females under the statute. "Demonstrated facts of life" could mean many things. The "demonstrated facts" which the Court relied upon are not spelled out. They are not obvious or apparent. We therefore cannot weigh them to determine if they "might suffice to characterize the classification as reasonable rather than arbitrary and invidious". McLaughlin v. Florida, *supra*, 379 U.S. at 191, 85 S.Ct. at 288.

 We have not been presented with a logical constitutional justification for the discrimination inherent in 10 Okl.St.Ann. § 1101(a). The State, in its brief and oral argument has simply relied upon the unexplained "demonstrated facts of life". Because the purpose of the disparity in the age classification between 16–18 year old males and 16–18 year old females has not been demonstrated, we hold that 10 Okl.St.Ann. § 1101(a) is violative of the equal protection clause. This ruling shall not apply retroactively.

Reversed and remanded.