**Brent V. FIELDS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17765.**

Court of Criminal Appeals of Oklahoma.

Feb. 13, 1973.

**920**

Leslie R. Earl, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

BUSSEY, Judge.

This is an appeal from the District Court of Tulsa County, Case No. CRF–72–119, where Appellant, Brent v. Fields, formerly known as Brent Vol-Said Johnson, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. From the judgment and sentence fixing his punishment at twenty (20) years imprisonment in the state penitentiary, he appeals.

Since there is no challenge to the sufficiency of the evidence, we deem it unnecessary to set forth any of the facts; suffice it to say that the evidence of defendant's guilt was overwhelming.

It is contended by the defendant that the punishment imposed was excessive. He first argues that since he was only sixteen (16) years old at the time of his former convictions, those convictions could not be used to enhance punishment above the maximum for a first offender—seven (7) years. This argument is based on the decision of the Tenth Circuit United States Court of Appeals in Lamb v. Brown, 456 F.2d 18, and is without basis, for the judgments and sentences in each of the prior convictions were affirmed by this Court on November 23, 1970, and were final judgments and sentences. [See Johnson v. State, Okl.Cr., 476 P.2d 397] Lamb v. Brown, *supra,* was delivered by the Tenth Circuit United States Court of Appeals on March 16, 1972, and in Lamb v. Brown, *supra,* it specifically provided that it was not to be applied retroactively. Moreover, this Court stated in Schaffer v. Green, Okl.Cr., 496 P.2d 375 (1972), in pertinent part:

> "From the effective date provided in Lamb v. Brown as being prospective, or, if later decided to be retroactive by the Federal Courts, the provisions of 21 O.S.

§ 152 shall control until superseded by constitutional legislative enactment in defining as adults all persons over the age of 14."

In light of Lamb v. Brown, *supra,* and Schaffer v. Green, *supra,* we are of the opinion that the prior convictions could properly be used to enhance the punishment.

■ Defendant next contends "that the punishment was given under the undue influence of passion or prejudice brought about by the Assistant District Attorney's improper comments about the amount of time the defendant actually serves on a sentence." In answering this proposition, the State argues that:

"On cross-examination defendant was asked by the prosecuting attorney whether or not it was less than two years ago that he was convicted of the prior crimes (defendant received a two year sentence for the prior convictions). The defendant objected to this line of questioning by the prosecuting attorney, and his objection was sustained by the trial judge (Tr. 73). Nothing further was said by the District Attorney during the first stage of the proceedings, concerning the length of defendant's prior conviction. Defendant did not ask the Court to admonish the jury to disregard the questions asked by the prosecuting attorney.

During the second stage of the trial, the District Attorney commented during his closing argument upon the fact that the defendant has received a prior two year sentence and that this present trial was within that two year period (Tr. 120). The defendant did not make an objection to this comment by the District Attorney.

It has been held by this Court that counsel must timely object, with a request that the jury be instructed to disregard the statement made by opposing counsel, before the proposition of error is properly before the Court. Love v. State, Okl. Cr., 490 P.2d 1395 (1971)."

For all of the above and foregoing reasons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., concurs.

BRETT, Judge (concurring in part, and dissenting in part):

I concur that this conviction should be affirmed, but I believe defendant's contention concerning his former conviction at sixteen years of age is correct. That conviction should not be sufficient to sustain the "former conviction" allegation. Therefore, I believe the sentence is excessive.