**Myer Aaron RUHM, Plaintiff,**

v.

**Bob TURNER, Sheriff, Oklahoma County, Oklahoma, et al., Defendants.**

**Civ. No. 72–420.**

United States District Court, W. D. Oklahoma, Civil Division.

Feb. 28, 1973.

Fred P. Gilbert, Tulsa, Okl., for plaintiff.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Paul Crowe, Asst. Attys. Gen., Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff was convicted as an adult in the District Court of Oklahoma County, Oklahoma on November 17, 1970 of the crime of possession of marihuana. Shortly thereafter he was fined and sentenced to imprisonment. At the time of his conviction Plaintiff was seventeen years of age. During the pendency of Plaintiff's appeal in the State Courts, the United States Court of Appeals for our Circuit on March 16, 1972 decided the case of Lamb v. Brown, 456 F.2d 18 (Tenth Cir. 1972). This decision held 10 Oklahoma Statutes 1101(a) (Supp. 1969) which provided in pertinent part:

> "The term 'child' means a male person of the age of sixteen (16) years and a female person under the age of eighteen (18) years."

to be unconstitutional as violating the equal protection clause of the Federal Constitution. This opinion also stated:

> "This ruling shall not apply retroactively."

In 1970 the Oklahoma Legislature amended the above law by enacting 10

Oklahoma Statutes § 1101A which provides in pertinent part:

"The term 'delinquent child' means (1) a male person under the age of sixteen (16) years and a female person under the age of eighteen (18) years, who has violated [a] federal or state law or municipal ordinance, * * *."

Plaintiff was tried when 10 Oklahoma Statutes § 1101A was in effect. However, the decision in *Lamb* as applied to 10 Oklahoma Statutes, § 1101A results in this Statute also being unconstitutional. The Oklahoma Court of Criminal Appeals so held·in Schaffer v. Green, 496 P.2d 375 (Okl.Cr.1972).

The Plaintiff presented the *Lamb* decision to the Oklahoma Court of Criminal Appeals while his appeal was being considered by that Court and urged its application to overthrow his conviction and sentence. The Oklahoma Court of Criminal Appeals rejected Plaintiff's request holding, in effect, that as Plaintiff was tried, convicted and sentenced at the trial level before *Lamb* and as *Lamb* by its language was not to be applied retroactivity, the decision did not apply to Plaintiff's conviction or their appellate review in such circumstances. The Oklahoma Court of Criminal Appeals on April 11, 1972 affirmed Plaintiff's conviction but reduced the sentence as it has authority to do under Oklahoma law. Ruhm v. State, 496 P.2d 809 (Okl.Cr. 1972). Plaintiff is a fugitive from justice as he has not turned himself in following the said State affirmance of his case. Plaintiff· proceeds herein under the Civil Rights Act (42 U.S.C. § 1983) [1] claiming that the Defendants under color of State law have deprived him of his Federal constitutional right to the equal protection of the laws. Defendants deny the accusation.

The Court has conducted an evidentiary hearing herein. The sole question involved is whether the United States Court of Appeals for the Tenth Circuit by providing in *Lamb* that its decision therein was not to be applied retroactively meant that its decision should or should not apply to a case in which conviction and sentence at the trial level had been concluded but which case was pending on appeal at the time its decision was announced.

The Annotation, Prospective or Retroactive Operation of Overruling Decision, 10 A.L.R.3d § 1371 teaches that a Court has the power to completely deny retroactive effect to an overruling decision.

"§ 7. Power of court to completely deny retroactive operation

[a] Generally

Although there has been a traditional policy in favor of giving unlimited retroactive effect to an overruling decision, it is now generally recognized that a court has the power to go to the opposite extreme, and to overrule a case purely prospectively and give the overruling decision no retroactive effect whatsoever, that is, to hold that the rule established by the overruling decision will operate only upon future transactions or events and will not even be operative upon the parties to the overruling case."

Also see Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

As stated above the United States Court of Appeals for the Tenth Circuit decided that its ruling in *Lamb*, "shall not apply retroactively". In reaching this decision it is, of course, assumed that our Court of Appeals considered the pertinent pronouncements of the United States Supreme Court as to what should be considered in determining the retroactivity or non-retroactivity of a decision which overrules existing law. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct.

---

1. Paragraph 1 of the Pre-Trial Order entered herein on December 5, 1972 provides:

"1. This is a civil-rights action brought under 42 U.S.C. 1983 for a declaratory judgment to adjudicate Plaintiff's State conviction herein, previously affirmed as Ruhm v. State (Okla.Cr., 1972) 496 P.2d 809, to be null and void; and for certain ancillary relief."

1967, 18 L.Ed.2d 1199 (1967) the United States Supreme Court announced:

" . . . The criteria guiding resolution of the question (retroactivity or non-retroactivity) implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards. '[T]he retroactivity or non-retroactivity of a rule is not automatically determined by the provision of the Constitution on which the dictate is based. Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved.' Johnson v. New Jersey, supra, 384 U.S. 719 at 728, 86 S.Ct. 1772, at 1778, 16 L.Ed.2d 882 at 889."

Also see Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969) and Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). It would therefore appear safe to conclude that our Court of Appeals has determined that its ruling in *Lamb* does not meet the pertinent criteria for retroactive application.

The Annotation, Prospective or Retroactive Operation of Overruling Decision, *supra* also teaches:

In Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the court stringently limited the retroactivity of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694 (1966) to those cases in which trial began after the date of each decision. The retroactivity of *Miranda* was even more limited in Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253 (1969), which held that the *Miranda* rule did not apply to retrial of cases in which the original trial had commenced before the date of *Miranda*. But in some cases, denial of retroactivity has been extended even to dates prior to the commencement of trial. In Williams v. United States, *supra*, the Court refused to apply Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), relating to unlawful search at the time of arrest, to any *search* conducted before the date of the· *Chimel* case. However, although *Chimel* received the benefit of the change in the law, subsequent cases then pending on appeal did not. Nor can the decision be used in a collateral attack.

The Court therefore finds and concludes that the ruling in *Lamb* was not meant to be applied retroactively to any case which had been concluded at the trial level when the same was announced; that the prohibition against retroactive application as announced in *Lamb* applies to Plaintiff's case even though it was pending on appeal when the ruling was made in *Lamb* inasmuch as Plaintiff's trial had been concluded when the ruling in *Lamb* was announced; that the Oklahoma Court of Criminal Appeals in Ruhm v. State, *supra*, correctly interpreted the meaning and intent of our Court of Appeals ruling that *Lamb* shall not be applied retroactively and correctly applied such interpretation to Plaintiff's case on appeal; and, that Defendants have not subjected Plaintiff to the deprivation of any rights, privileges, or

immunities secured to him by the constitution and laws of the United States.

Plaintiff's action is therefore dismissed.