**Gary Michael RUTLEDGE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–322.**

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1974.

Mary E. Bane and Thomas A. Williams, Bane & Williams, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Gary Michael Rutledge, hereinafter referred to as defendant, was charged, tried in a two stage proceeding before a jury and convicted in the District Court of Beckham County, Oklahoma of the crime of Distribution of a Controlled Dangerous Substance, LSD, After Former Conviction of a Felony, in Case number CRF–73–81. Punishment was assessed at ten (10) years in the State Penitentiary. From a judgment and sentence in conformance with said verdict, the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Undercover agent Arthur Linville of the Oklahoma State Bureau of Investigation testified that in Elk City, Oklahoma, on January 24, 1973, he, in the presence of Nancy Standifer and others, purchased 12 tablets of what the defendant referred to as purple acid. After the tablets were properly marked and preserved, they were taken on the 29th day of January to the office of the Oklahoma Bureau of Investigation in Oklahoma City for chemical analysis. Linville received a copy of the chemist's analysis of the tablets on or about the 24th day of May, 1973. The tablets contained LSD.

On the 10th day of October, 1973, Linville and another agent went to Elk City to look for the defendant. On the 10th they found him at work at a local furniture manufacturing plant and arrested him for illegal distribution of a controlled dangerous substance. Linville testified that the delay from the January purchase to the October arrest was because there was a continuing investigation in the Beckham County area and that the arrest of the defendant prior to October would have allowed people to know that he was an undercover agent. Linville further stated that he returned to Beckham County only two times during the interim, that he could not remember the dates, and the Rutledge case was the only case growing out of his investigation in the area.

William J. Caveny, a forensic chemist with the Oklahoma State Bureau of Investigation, then testified that he ran chemical tests on the tablets and came to the conclusion that the tablets contained LSD. His report was completed on May 30, 1973. The State then rested with reference to the first stage of the two stage proceeding.

The defendant, testifying in his own behalf, related that he had lived in the Elk City area most of his life, and that in 1970 when he was sixteen years of age he was arrested on two counts of grand larceny, subsequently pleading guilty to both charges and serving a 2½ year sentence at Granite Reformatory. The defendant denied ever meeting Linville prior to his arrest and further denied meeting Ms. Standifer. He further stated that after his release from the reformatory he made up his mind not to get in trouble again, got married and had begun going to church.

Robert J. Young, a minister in Elk City, testified that he was acquainted with the Rutledges and had officiated at their wedding. He further stated that Gary had begun coming to church on his own and that he was well thought of by those in the church. The defendant's wife then testified that she and the defendant had recently married, that she married him knowing of his previous troubles and that he worked everyday.

On rebuttal the State called Nancy Standifer who testified that she knew Agent Linville and the defendant, that she met the defendant on January 24, 1973, in Elk City at an apartment, and that while there Linville purchased some tablets from the defendant. The defendant then took the stand and denied that he had seen Ms. Standifer at an apartment in Elk City on January 24, 1973.

After a verdict of guilty was returned, the second stage of the proceeding commenced and the jury assessed punishment at ten (10) years in the State Penitentiary.

Defendant's first proposition in error urges that the trial court committed reversible error in allowing evidence of prior fel-

ony convictions when defendant was seventeen years of age to be introduced to impeach the defendant's credibility and to enhance his punishment under 21 O.S. (1971), § 51. In support of his argument the defendant contends that since he was only seventeen years old at the time of his former convictions, those convictions could not be used either to impeach his credibility or to enhance his punishment, basing his argument on the decision of the Tenth Circuit United States Court of Appeals in Lamb v. Brown, 456 F.2d 18. The defendant further contends that to use the pre-*Lamb* convictions to enhance punishment is a violation of the equal protection provisions of the United States Constitution.

■ With these contentions we do not agree. In Fields v. State, Okl.Cr., 506 P. 2d 919, we specifically held that pre-*Lamb* final judgments may be used to enhance punishment for post-*Lamb* convictions.

■ The application of *Lamb* was held by the Circuit Court to be prospective and not retroactive. The federal Constitution does not compel in every case the retroactive application of a "new" constitutional ruling such as *Lamb*. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L. Ed.2d 601, and Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388. The *Lamb* court evidently considered a non-retroactive application of its decision to be warranted in light of all the circumstances. It is therefore our opinion, in light of *Lamb* and *Fields*, supra, it is not a violation of the equal protection clause to permit final pre-*Lamb* judgments to serve as the basis for post-*Lamb* enhancements of punishment and post-*Lamb* impeachments of credibility.

The defendant's last proposition in error urges that the defendant was denied his right to a speedy trial because of the lapse of time between the alleged commission of the offense and his arrest. The record reflects that the purchase was made on the 24th day of January, 1973, and the complaint was filed on the 10th day of October, 1973, some 8½ months later. In support of his proposition the defendant cites Grace v. Harris, Okl.Cr., 485 P.2d 757, which holds as follows:

"Where the state knows of the commission of a crime, its apparent perpetrator, knows of the accused's location and even has custody of him on another charge, and fails to file a charge for nine months without showing good cause, the prosecution must be dismissed as a denial of the right to a speedy trial and due process of law."

However, *Grace*, supra, is factually distinguishable from the instant case in that it dealt with the inferential penalization of a defendant for appealing a conviction in a related case.

■ It is the opinion of this Court that if an information is filed well within the statute of limitations then a delay between the date of the commission of the alleged crime and the filing of said information would not constitute a denial of one's constitutional right to a speedy trial or be violative of the principles of due process unless it was shown at trial that said delay caused substantial prejudice to defendant's right to a fair trial and that said delay was not reasonable. See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; Kovash v. State, Okl.Cr., 519 P.2d 517; and Delaney v. State, Okl.Cr., 507 P. 2d 564.

■ In the instant case the defendant wholly fails to show wherein the delay complained of prejudiced any substantial right of the defendant. Therefore, defendant's last proposition in error is without merit.

For the reasons set out above, the judgment and sentence appealed from is, accordingly, affirmed.

BRETT, J., concurs in part, dissents in part.

BUSSEY, J., concurs.

BRETT, Judge (concurs in part and dissents in part).

I concur that there was sufficient evidence before the jury to find the defendant

guilty of unlawful distribution of LSD, and that under the circumstances of this case the information was properly filed; but I respectfully dissent to that part of the majority decision which authorizes the use of the convictions sustained by the defendant when he was sixteen years old to enhance punishment.

. I believe further that the trial court committed error when the jury was instructed on the second stage of the proceedings; consequently, the prosecution failed to meet its burden of showing the sufficiency of the former convictions. The jury was left to presume, and this Court is asked to further presume from a silent record, that defendant's former convictions were proper. "Presuming waiver from a silent record is impermissible." Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70.

The record before this Court reflects that defendant testified on cross-examination that he was convicted on two charges of grand larceny when he was sixteen years old. At the time the court instructed the jury that the testimony was being admitted only to test defendant's credibility. However, at the second stage of the trial the court instructed the jury, "The defendant admits in open court the prior convictions so no evidence will be presented to you to establish this fact and you are to take as admitted facts such convictions." Consequently, the prosecutor did not introduce the judgments and sentences or make any showing that the defendant was represented by counsel or properly waived counsel at the time, or that the pleas of guilty were knowingly and intelligently entered. All that was shown was that the defendant admitted the convictions, and that he was sixteen years of age when he entered his pleas of guilty.

Likewise, I believe this decision should be held in abeyance until the Tenth Circuit, United States Court of Appeals resolves the question of retroactivity of Lamb v. Brown, 10 Cir., 456 F.2d 18 (1973). That Court presently has before it on rehearing its consolidated decision in Radcliff v. Anderson, No. 73–1520, and Stringfield v. Grider, No. 73–1550. In the original decision, which was withdrawn, that Court commented "The statement that its ruling should not apply retroactively, see [Lamb v. Brown] 456 F.2d at 20, is dictum which arises no higher than 'comment merely obiter.'" and held that "basic fairness" plus "essential justice" require that the Lamb decision be applied retroactively. Should the Honorable Circuit Court maintain that position on rehearing, the question which this majority decision purports to settle, and others pertaining to juvenile convictions, will again become viable. Therefore, discretion dictates that the majority decision in this appeal is prematurely rendered.

I concur that the conviction for distribution of LSD should be affirmed, but I dissent to the enhancement of punishment on the juvenile convictions, and would modify the sentence imposed.