Dwight Thomas **REYNOLDS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–669.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1974.

As Corrected Dec. 18, 1974.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Ross N. Lillard, III, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Dwight Thomas Reynolds, hereinafter referred to as defendant, was convicted in the District Court, Oklahoma County, Case No. CRF–74–410, for the offense of Burglary, Second Degree, After Former Conviction of a Felony. Defendant was tried by a jury in a two-stage proceeding, after which the jury assessed defendant's punishment at twenty-three (23) years imprisonment. From that judgment and sentence the defendant has perfected his appeal to this Court.

We do not deem it necessary to recite the facts in this case due to the nature of the alleged error raised by defendant in his appeal.

The defendant's sole proposition of error asserts that his three previous felony convictions were improperly used to enhance punishment, as the defendant was sixteen (16) years of age when he sustained these convictions. In support, defendant cites the 10th Cir.Ct. of Appeals unpublished Order in the matter of Radcliff v. Anderson, No. 73–1520, and Stringfield v. Grider, No. 73–1550, wherein the Court held that Lamb v. Brown, 456 F.2d 18 (1972), was to be fully retroactive.

This Court has previously ruled that the Lamb decision will not be applied retroactively. See Fields v. State, Okl.Cr., 506 P.2d 919. Further, this Court in the recent case of Pollard v. State, 528 P.2d 1121, in ruling on this previous question stated:

"Defendant's second proposition of error asserts that it was error to permit the use of his former conviction in Stephens County District Court Case No. CRF–70–100, because of the 10th Cir.Ct. of Appeals decision in Lamb v. Brown, 456 F.2d 18 (1972), in that defendant was 17 years old at the time he sustained that conviction. In support of his contention, defendant cites as authority the 10th Cir.Ct. of Appeals unpublished Order in the matters of Radcliff v. Anderson, No. 73–1520, and Stringfield v. Grider, No. 73–1550, wherein that court held that the Lamb decision was to be fully retroactive. This Court can take judicial notice of the fact that those unpublished orders have been withdrawn and are now pending on rehearing before the 10th Circuit Court of Appeals. This Court has heretofore held that Lamb v. Brown, supra, will not be applied retroactively. Defendant requests that this decision be held in abeyance until the 10th Circuit Court of Appeals reconsiders the *Radcliff* and *Stringfield* matters; but after considering the merits of this conviction, insofar as the evidence is conclusive concerning defendant's guilt for the charge of burglary, we decline to grant defendant's request in this respect. However, should the U. S. Court of Appeals hold that the Lamb v. Brown, supra, decision is to be applied retroactively, defendant will not be precluded from seeking further relief under the post conviction relief procedures."

Also see Rutledge v. State, Okl.Cr., 527 P.2d 1373.

Finding no error sufficient to warrant modification or reversal, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.