**Dwight Thomas REYNOLDS, Petitioner,**

v.

**STATE OF OKLAHOMA, Respondent.**

**Civ. No. 75-0169-D.**

United States District Court, W. D. Oklahoma, Civil Division.

March 31, 1975.

Dwight Thomas Reynolds, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for a writ of habeas corpus by a state prisoner confined in the Oklahoma State Reformatory at Granite, Oklahoma, pursuant to the judgment and sentence of the District Court of Oklahoma County, State of Oklahoma, in Case No. CRF–74–410. The petitioner claims that his detention is unlawful on the following grounds:

1. That he was denied his 6th Amendment rights to confrontation and compulsory process.

2. That he was denied equal protection of the law in violation of the 14th Amendment because the three prior convictions used to enhance punishment were invalid under the decision in *Lamb v. Brown*, 456 F.2d 18 (CA10 1972).

3. That his sentence was excessive because of the use of such invalid former convictions and thus he should be recharged and tried for the crime of second degree burglary and receive a lesser sentence of no more than the manditory [sic] 7 (seven) years."

The respondents in their answer deny that the petitioner has exhausted his state remedies.

It appears that in said Case No. CRF–74–410 the petitioner was convicted after a trial by jury of the crime of Burglary in the Second Degree 'After Former Conviction of a Felony and sentenced on April 10, 1974 to a term of 23 years imprisonment. The petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals, Case No. F–74–669. On December 11, 1974 the appeals court affirmed the judgment and sentence of the trial court. In this appeal the petitioner's contentions concerning the validity of his former convictions were presented but not his Sixth Amendment claims. The petitioner in a letter to the court dated March 13, 1975, admits that since the determination of his direct appeal he has filed no post conviction proceedings under the Oklahoma Post Conviction Procedures Act. Generally, even though a petitioner may have pursued an unsuccessful direct appeal he must thereafter initiate a post conviction action in the state sentencing court as a prerequisite to the granting of habeas relief in a federal court. *Brown v. Crouse*, 395 F.2d 755 (CA10 1968); *Omo v. Crouse*, 395 F.2d 757 (CA10 1968).

Not only have the Oklahoma courts not been afforded the opportunity to resolve the issues relating to confrontation and compulsory process, but there has been an intervening development in the federal law concerning the retroactivity of *Lamb v. Brown, supra*. In the disposition of petitioner's case the Oklahoma Court of Criminal Appeals noted that the issue of the retroactivity of *Lamb v. Brown, supra*, was still pending before the Court of Appeals for the Tenth Circuit and specifically indicated that if the United States Court of Ap-

peals held that the decision was to be applied retroactively that the petitioner would not be precluded from seeking further relief under the Oklahoma Post Conviction Procedures Act. On January 24, 1975, the Court of Appeals did finally uphold the retroactivity of the *Lamb* decision. *Radcliff v. Anderson* and *Stringfield v. Grider*, 10 Cir., 509 F.2d 1093. These cases are now pending before the United States Supreme Court on a Petition for Writ of Certiorari.

█ In the original *Lamb* decision the Court of Appeals declared that it should have no retroactive effect and the intervening action of the court in the *Radcliff* and *Stringfield* cases now places the legal issue of the validity of the petitioner's former convictions in a fundamentally different posture. Since the Oklahoma courts did not have the benefit of this latest action by the Court of Appeals they should be given the opportunity to again consider petitioner's claims in the light of such action. See *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). When there has been an intervening change in federal law after a decision by a State court on the particular issue "a decent regard for the position and responsibilities of the state courts requires that they be afforded an opportunity to consider and decide these questions before the federal district court is called upon to do so." *Commonwealth of Pennsylvania ex rel. Raymond v. Rundle*, 339 F. 2d 598, 599 (CA3 1964). In *Blair v. People of State of California*, 340 F.2d 741 (CA9 1965) the court also found that the petitioner had not exhausted his state remedies where the state court did not have knowledge of a subsequently decided Supreme Court ruling when it considered petitioner's constitutional claim.

In *Francisco v. Gathright*, 419 U.S. 59, 95 S.Ct. 257, 42 L.Ed.2d 226, on November 19, 1974, the Supreme Court ruled a federal habeas petitioner was not required to present his claim to the state courts a second time for reconsideration in the light of an intervening state court decision. The Supreme Court found that the state court "had a full opportunity to determine the federal constitutional issues before resort was made to a federal forum." Here, however, the federal constitutional issue of retroactivity had apparently been determined in the *Lamb* decision which the Oklahoma court considered to be controlling. See *Fields v. State*, 506 P.2d 919 (Okl.Cr. 1973). There is not here, as in *Francisco*, an intervening state court decision which promises the petitioner relief, but an intervening decision of the Tenth Circuit Court of Appeals. The state court has not had the opportunity to examine the federal constitutional issue in the light of the new precedent. The policy of federal-state comity could hardly be served by the overriding of a state court determination made pursuant to then applicable federal precedent. It would be unseemly indeed to upset a state court conviction without giving to the state courts a chance to correct the newly defined constitutional error. No such result is mandated by *Francisco* for the decision expressly distinguishes cases "in which an intervening change in federal law cast the legal issue in a fundamentally different light." *Picard v. Connor, supra*, 404 U.S. at 276, 92 S.Ct. at 512.

Under the circumstances here presented the court therefore concludes that the petitioner has not exhausted the remedies available to him in the courts of the State of Oklahoma. Accordingly, the Petition for Writ of Habeas Corpus will be dismissed.

It is so ordered.