In the Matter of G. A. M., a juvenile.

No. J-77-66.

Court of Criminal Appeals of Oklahoma.

April 19, 1977.

John Dratz, Jr., Asst. Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, G. A. M., was charged by juvenile petition in the Juvenile Court, Tulsa County, Case No. JFJ–76–1132, with having committed Larceny of a Can of Spray Paint, which act, had the appellant been an adult, would have constituted the offense of larceny, in violation of 21 O.S.1971, § 1701. An adjudicatory hearing was held on December 23, 1976, at which the appellant was found guilty of the allegations and was adjudicated a delinquent child, with the final order of adjudication filed December 27, 1976. A disposition hearing was then held on December 29, 1976, and the appellant was placed in the custody of the Oklahoma Department of Institutions, Social and Rehabilitative Services for an indeterminate period. From this final order of disposition a timely appeal has been perfected to this Court.

The sole issue presented for review is whether the placement of the appellant with the Oklahoma Department of Institutions, Social and Rehabilitative Services for an indeterminate period of time is a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution and Art. II, §§ 2 and 7,

of the Oklahoma Constitution, since an adult could only receive a maximum sentence of thirty (30) days for the same violation.

It is fundamental that a State's legislative body has wide discretion relating to the establishment of reasonable classifications for the purpose of promoting the health, safety and welfare of persons within its jurisdiction. *Lamb v. Brown*, 456 F.2d 18 (10 Cir. 1972).[1]

In the instant case the classification under review is that between juvenile and adult. In *McIntosh v. Dill*, 86 Okl. 1, 205 P. 917 (1922), the Oklahoma Supreme Court noted that under the concept of *parens patriae* the Legislature has the inherent power and authority to provide protection of the person and property of persons non sui juris, which includes juveniles. The very purpose of the juvenile system is to treat juveniles in a different manner from adults. The features of the juvenile system are of unique benefit to the juvenile. They avoid classifying the juvenile as a criminal and protect him from the disclosure of his deviational behavior. For this reason we find the challenged classification to be constitutionally permissible.

Since the duty and responsibility upon commitment is vested in Social and Rehabilitative Services of the Department of Institutions of Oklahoma, and they are charged with the duty and responsibility of attempting to rehabilitate a juvenile offender, we do not find that the indeterminate commitment authorized by law is constitutionally impermissible as cruel and unusual punishment. But, to the contrary, it only provides the Department with the necessary custody of the juvenile in order to effectuate and achieve rehabilitation, and it is not a commitment for the purpose of punishing a juvenile offender. The time necessary to accomplish this result is indeterminate but may not extend past the age

---

1. We are not unmindful that the Court in *Lamb* applying this rule declared an Oklahoma juvenile statute unconstitutional as violative of equal protection. This does not, however, detract from the viability of the rule of deference to state-made classifications stated in that case.

of eighteen without an order issued by the Juvenile Court. Such orders are rarely, if ever, issued extending the commitment beyond the age of eighteen, for they would be of questionable constitutionality. Moreover, if rehabilitation is to be accomplished, it should be achieved prior to the eighteenth year, and indeed, in most instances rehabilitation is accomplished in a relatively short time.

For all the above and foregoing reasons, we are of the opinion that the judgment of the trial court should be, and the same is hereby *AFFIRMED*.

BLISS, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring.

I concur in this decision, but I emphasize what is said in the decision that the juvenile treatment is intended to be for rehabilitation purposes and not as punishment. Likewise, it is the responsibility of the Institutions, Social and Rehabilitative Services Department to make the determination concerning when the particular juvenile is properly rehabilitated.