**In the Matter of D. H. W., An alleged delinquent child.**

No. J–79–728.

Court of Criminal Appeals of Oklahoma.

July 11, 1980.

Gary Peterson, Deputy App. Public Defender, for appellant.

L. Jack Barton, Dist. Atty., Ed Moore, Asst. Dist. Atty., Woodward County, for appellee.

OPINION

BUSSEY, Judge:

D. H. W., a male 17 years of age, was certified to stand trial as an adult for the offense of Lewd Molestation of a Minor, in the District Court of Alfalfa County Case No. JFJ–78–19, and appeals under 10 O.S. Supp.1979, § 1112(e).

On appeal, appellant urges that the statute under which the charge is laid, 21 O.S.1971, § 1123, invidiously discriminates on the basis of sex, in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

Section 1123 provides in pertinent part as follows:

"Any male person over sixteen years or female person over eighteen years of age who shall . . . intentionally and designedly look upon, touch, maul, or feel of the body or private parts of any child under the age of fourteen years in any lewd or lascivious manner by any acts not amounting to the commission of any crime against public decency and morality, as may now be defined by the laws of Oklahoma; . . . shall be deemed guilty of a felony . . . ."

It is established that to withstand equal protection challenge gender-based classifications must serve important governmental objectives and be substantially related to achievement of those objectives. *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 reh. den. 429 U.S. 1124, 97 S.Ct. 1161, 51 L.Ed.2d 574 (1976). No such important objectives nor substantial relationship is urged on behalf of the State in support of the statute, nor do they otherwise appear; indeed, Section 1123 appears substantially similar in this basic respect to other gender-based statutory classifications struck down on equal protection grounds in *Craig v. Boren*, supra,[1] and *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972).[2]

For the reasons set forth in *Boren* and *Lamb*, we are of the opinion that males between the ages of 16 and 18 years of age may not be certified to stand trial as adults under the provisions of 21 O.S.1971, § 1123. The order certifying D. H. W. is *REVERSED* and *REMANDED* with instructions to *DISMISS* without prejudice to the refiling of a juvenile petition otherwise justified under the facts of this case under a statute that does not suffer from a gender-based constitutional infirmity.

Nothing in this opinion shall preclude the filing of a charge against any male or female over the age of 18 years under the provisions of Section 1123.

CORNISH, P. J., and BRETT, J., concur.

---

1. In *Craig v. Boren*, the United States Supreme Court struck down 37 O.S.Supp.1976, § 245, Laws 1972, c. 221, § 9, which provided as follows: "A 'minor' for the purposes of Sections 241 . . . as defined as a female under the age of eighteen (18) years, and a male under the age of twenty-one (21) years." In conjunction with 37 O.S.1971, § 241, Laws 1953, p. 140, § 1, the provision conditioned the sale of 3.2 percent beer on the gender-based discrimination expressed in Section 245.

2. In *Lamb v.Brown*, supra, the United States Circuit Court of Appeals struck down 10 O.S. Supp.1969, § 1101(a), Laws 1968, c. 282, § 101, which provided in pertinent part as follows: "The term 'child' means any male person under the age of sixteen (16) years." The benefits of treatment in the State juvenile system were conditioned on the gender-based discrimination expressed in Section 1101(a).