**Frank Eugene JOHNSTON, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–80–323.**

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1981.

Jan Eric Cartwright, Atty. Gen., Joseph A. Wideman, Dist. Atty., Newkirk, for respondent.

Kevin Murphy, Ponca City, for petitioner.

### ORDER GRANTING POST-CONVICTION RELIEF

On May 13, 1980, the petitioner, Frank Eugene Johnston, appealed to this Court from a denial of post-conviction relief in Kay County District Court Case No. 4458. His application was based upon a conviction when he was a juvenile who had not first been certified to stand trial as an adult. This appeal is brought under the provisions of *Edwards v. State*, 591 P.2d 313 (Okl.Cr. 1979).

On April 14, 1980, Judge Lowell Doggett denied the petitioner's application for post-conviction relief absent an evidentiary hear-

ing. His ruling was based on a finding, pursuant to *Edwards*, supra, that an evidentiary hearing on the question of certification was unnecessary because the petitioner failed to state a valid reason to believe certification would have been denied.

On July 1, 1966, when the petitioner was sixteen years of age, he was convicted of the offense of Unauthorized Use of a Motor Vehicle. Prior to that time he had been sent to a state training school. The sentence originally imposed was a split sentence, with 2½ years suspended, and as part of the plea negotiation at the time the guilty plea was entered, an additional charge of forgery was dismissed. The suspended portion of the sentence was subsequently revoked after a hearing on November 9, 1966, when the court found that the petitioner had committed the crimes of child molestation and carrying a blank .22 caliber pistol.

The question here is whether the petitioner made a sufficient showing to warrant the evidentiary hearing.

While the court found that " . . . all evidence bearing on the issue of whether certification would have occurred may be considered by the Court, including subsequent criminal activity in close proximity in time and prior juvenile record of the defendant," we do not agree with the court's consideration of petitioner's subsequent revocation to determine the issue of the evidentiary hearing. This should not have been considered by the court for the reason that the offense which resulted in the revocation occurred in November of 1966, four months after the July 1, 1966, conviction.

█ As the *Edwards* opinion indicates, males convicted without a certification hearing must now be afforded an opportunity for the district court to determine whether they would have been certified to stand trial for the voidable conviction. The "subsequent criminal misconduct occurring in close proximity in time"[1] that may be considered in determining whether certification would have resulted refers to criminal conduct that occurred so closely in time that the trial court would have known about it at the time the certification hearing would have been conducted.

█ Only those crimes which occurred prior to the time when that certification hearing would have been held may be considered in determining whether or not the individual would have been certified. Consequently, a consideration of the petitioner's subsequent criminal conduct, four months after his conviction, was error.

IT IS THEREFORE THE ORDER OF THIS COURT that the trial court's order dismissing the petitioner's application for post-conviction relief in Case No. 4458 is hereby REVERSED pursuant to *Edwards v. State*, supra. The district court is directed to conduct an evidentiary hearing on the post-conviction application in accordance with the provisions of this order, and to enter findings of fact and conclusions of law as required by 22 O.S.1971, § 1084.

WITNESS OUR HANDS and the Seal of this Court this 27th day of February, 1981.

TOM BRETT, P. J.

HEZ J. BUSSEY, J., dissents.

TOM R. CORNISH, J.

---

1. *Edwards v. State*, 591 P.2d 313 (Okl.Cr.1979), at p. 322.