**Calvin A. FOWLER, Petitioner,**

v.

**Mack H. ALFORD and the Attorney General of the State of Oklahoma, Respondents.**

**No. CIV–81–401–D.**

United States District Court, W. D. Oklahoma.

June 30, 1981.

---

\*\* Nor is proof that defendants are tied to "organized crime" required. *United States v.*

*Campanale,* 518 F.2d 352 (9th Cir. 1975).

Calvin A. Fowler, pro se.

Jan Eric Cartwright, Atty. Gen. by William Roy Holton, Jr., Asst., Oklahoma City, Okl., for both respondents.

### OPINION AND ORDER

DAUGHERTY, Chief Judge.

Petitioner, an inmate at the Stringtown Correctional Center, Stringtown, Oklahoma, has filed herein his Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254. In the District Court of Oklahoma County, petitioner was convicted of Unauthorized Use of a Motor Vehicle (CRF–69–2980), Assault and Battery With a Danger-ous Weapon (CRF–70–1132), Robbery in the First Degree After Former Conviction of a Felony (CRF–70–3663), Assault and Battery With a Dangerous Weapon (CRF–70–3664), and Robbery With Firearms (CRF–70–3665). He entered pleas of guilty to all of the charges except CRF–70–3663, in which he was found guilty after trial by jury. In that case, he was sentenced to imprisonment for a term of twenty years. He received suspended sentences of four years and five years, respectively, in CRF–69–2980 and CRF–70–1132 and received sentences of imprisonment for terms of ten years and five years, respectively, in CRF–70–3664 and CRF–70–3665, both such sentences to run concurrent with the twenty year sentence in CRF–70–3663.

Petitioner was sixteen and seventeen years of age when he was convicted of these offenses. He subsequently applied to the sentencing court for post-conviction relief on all of the five cases, pursuant to the provisions of the Oklahoma Post-Conviction Procedure Act, 22 O.S.1971 §§ 1080 *et seq.*, asserting that the convictions were void because petitioner was tried as an adult when he was less than eighteen years of age, without having been afforded a certification hearing. The requested relief was denied by the District Court without an evidentiary hearing and the denial was subsequently affirmed by the Court of Criminal Appeals of the State of Oklahoma, in case number PC–80–737.

Petitioner thereafter filed this action, asserting, as he asserted in the Court of Criminal Appeals of the State of Oklahoma, that the sentencing court erred in not holding an evidentiary hearing upon his application for post-conviction relief. He further asserts that the sentencing court's basis for not holding such a hearing, that petitioner had not stated a reason, other than his age at the time of the convictions, why he would not have been certified had a certification hearing been held, constituted a shifting of the burden of proof from the State to petitioner, in violation of petitioner's constitutional rights.

■ Petitioner's assertion that his convictions should be vacated is based upon *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972); *Radcliff v. Anderson*, 509 F.2d 1093 (10th Cir. 1974), *cert. denied*, 421 U.S. 939, 95 S.Ct. 1667, 44 L.Ed.2d 95 and *Edwards v. State*, 591 P.2d 313 (Okl.Cr.1979). *Lamb* determined that the provisions of 10 O.S. 1971 § 1101(a) violated the equal protection clause of the Fourteenth Amendment to the United States Constitution; *Radcliff* determined that *Lamb* should be applied retroactively; and *Edwards* determined that under the two prior decisions, retrospective relief must be granted to males between sixteen and eighteen years of age who were prosecuted as adults without the benefit of certification hearings under the authority of Section 1101(a). The *Edwards* court then determined that the "drastic relief" of vacation of conviction should be granted only if it is determined by the sentencing court that certification would have been denied had a certification hearing been held. The court then set out procedures and criteria under which such a determination was to be made by the District Courts of the State of Oklahoma.

In his application for post-conviction relief in the sentencing court, petitioner simply stated that he had been sixteen and seventeen years of age when prosecuted as an adult for the five offenses described above. In denying his application, the sentencing court quoted from *Edwards, supra*, wherein the court noted that an evidentiary hearing might not be required in all instances, and that a showing that a petitioner was under eighteen years of age at the time of his conviction would not alone entitle him to relief, since he could have been certified at that age and his conviction in a criminal proceeding would then have been entirely proper. The *Edwards* court continued:

> "For this reason, we hold that the appellant must be able to state to the District Court some valid reason to believe that certification would have been denied. If he can do this then he will be entitled to an evidentiary hearing on the question . . . ."

The sentencing court drew from *Edwards* the inference that if a petitioner merely alleges that he was under the age of eighteen when he was tried as an adult without being certified, he has not shown an entitlement to an evidentiary hearing. Thus, post-conviction relief was denied.

Upon direct appeal to the Court of Criminal Appeals of the State of Oklahoma, in case number PC–80–737, that court stated that the procedure petitioner was required to follow did not place the burden of proof upon him, but was simply a pleading requirement in order to state a claim upon which relief could be granted. It was further stated that if the petitioner could "state to the District Court some valid reason to believe that certification would have been denied," the sentencing court, under the mandate of *Edwards*, would be required to grant him an evidentiary hearing. At that hearing, the State would have the burden of proving that the petitioner would have been certified had a certification hearing been held.

■ It is the opinion of this court that the procedural requirement imposed under *Edwards* is not an unconstitutional shifting of the burden of proof, as asserted by petitioner. In *Bromley v. Crisp*, 561 F.2d 1351 (10th Cir. 1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499 (1978), the court was confronted with the post-*Lamb* argument that any adult conviction of a juvenile without certification was void, and that the only State remedy would be to reinstitute the prosecution from its inception. Under this argument, a *nunc pro tunc* finding by the sentencing court would not be permissible. The *Bromley* court disagreed. It rejected the argument that the case should be controlled by decisions such as *Wilson v. State*, 82 P.2d 308 (Okl.Cr. 1938), which treated the State's failure to follow the statutory requirement with regard to certification as calling for invalidation of the conviction. The court continued:

> "We feel, however, that in deciding these habeas cases and in fashioning a remedy

as 'law and justice require,' 28 U.S.C.A. § 2243, see *Carafas v. LaVallee*, 391 U.S. 234, 239 [88 S.Ct. 1556, 1560, 20 L.Ed.2d 554] ... we can exercise restraint and need not grant such 'drastic relief' as petitioner seeks for the denial of equal protection. See *Kent v. United States*, 383 U.S. 541, 565 [86 S.Ct. 1045, 1059, 16 L.Ed.2d 84] .... If the court is clearly convinced that the juvenile court would have certified the petitioner for treatment as an adult, we believe the essential justice and basic fairness standard of the *Radcliff* case is satisfied without violence to the habeas remedy or State law." 561 F.2d, at 1356.

In a footnote to the foregoing statement, the court notes that it is preferable to permit the State courts to make this determination and that a federal district court should withhold judgment for a reasonable time in order to permit the State courts to act if they have not done so prior to the filing of a federal habeas action.

The Court of Criminal Appeals of the State of Oklahoma decided *Edwards* some seventeen months following the decision in *Bromley*. The establishment of procedures for determining whether or not certification would have been granted had a certification hearing been held was necessitated, as in *Kent v. United States, supra*, by the fact that petitioner had become an adult. It was not possible to simply remand for a certification hearing, as the Juvenile Division of the State District Court no longer had jurisdiction over petitioner. Thus, the court in *Edwards* was required to establish ground rules under which the appropriate determinations could be made.

Inasmuch as the Court of Criminal Appeals of the State of Oklahoma, in *Edwards*, was merely attempting to follow and implement the earlier federal Court of Appeals decisions in *Lamb, Radcliff*, and particularly, *Bromley*, this court is not inclined to strike down the procedures thus established. Moreover, as stated above, this court finds no constitutional deprivation in the implementation of those procedures by the courts of the State of Oklahoma.

Based upon the foregoing, this court finds that the Petition For Writ Of Habeas Corpus filed herein by petitioner should be denied.