60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael McKINNEY, Petitioner-Appellant,
v.
Dan REYNOLDS, and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 95-5030.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Petitioner Michael McKinney, appearing pro se, appeals the district court's denial of his 28 U.S.C. 2254 petition for a writ of habeas corpus. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 2
 On July 3, 1969, Petitioner pled guilty to burglary in the Oklahoma County, Oklahoma District Court. On February 23, 1970, Petitioner pled guilty to manslaughter in the first degree. At the time of both pleas, Petitioner was a juvenile. In accord with existing Oklahoma law, Petitioner was sentenced as an adult without first being certified as an adult.
 
 
 3
 In 1972, we ruled that the Oklahoma law regarding certification of juveniles was unconstitutional. See Lamb v. Brown, 456 F.2d 18 (10th Cir.1972). In 1975, we determined that Lamb applied retroactively. See Radcliff v. Anderson, 509 F.2d 1093 (10th Cir.), cert. denied, 421 U.S. 939 (1975). Relying on Radcliff, Petitioner challenged his 1969 burglary conviction in Tulsa County, Oklahoma District Court. After conducting a certification hearing, the court ruled on March 18, 1980 that Petitioner would have been certified as an adult at the time of his 1969 burglary conviction.
 
 
 4
 On July 20, 1988, Petitioner pled guilty in the Tulsa County District Court to robbery by force (CF-88-1815) and robbery by fear (CF-88-1756). Petitioner was sentenced to two concurrent thirty-two year sentences, which were enhanced based upon, inter alia, Petitioner's 1969 burglary conviction. The state district court and the Oklahoma Court of Criminal Appeals denied Petitioner's motions for post conviction relief on CF-88-1815. Petitioner sought no post-conviction relief in regards to CF-88-1756.
 
 
 5
 On September 2, 1992, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 in the district court contesting the enhancement of his 1988 sentences. Petitioner argued that: (1) the Oklahoma state district court improperly ruled in 1980 that he would have been certified as an adult at the time of his 1969 burglary conviction, and therefore the 1988 enhancement was defective; (2) the court failed to inform him of his right to appeal without cost and of his right to appointed counsel, and (3) that his counsel was constitutionally ineffective. The district court denied the petition.
 
 
 6
 On appeal, Petitioner contends that the district court: (1) wrongfully dismissed his prior convictions claim under Rule 9(a) of the Rules Governing Section 2254 cases; (2) failed to recognize that the Tulsa County District Court erred in applying the standards of Edwards v. State, 591 P.2d 313 (Okla.Crim.App.1979), in Petitioner's 1980 certification proceeding; (3) erroneously concluded that the Tulsa County District Court was correct in considering his 1969 murder charge as a factor when it certified him as an adult in 1980 for his 1969 burglary conviction contrary to Johnston v. State, 625 P.2d 1261 (Okla.Crim.App.1991); (4) erred by not ascertaining a factual basis for Petitioner's 1988 sentence enhancement; and (5) erred in not holding an evidentiary hearing on Petitioner's habeas petition.
 
 
 7
 We grant Petitioner's motion for a certificate of probable cause. We have reviewed Petitioner's brief, the district court's order, and the entire record before us. Based upon our thorough review of the record, we find no reversible error and AFFIRM.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument