**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

A.N., by and through her next friend,
KATHERINE PONDER; KATHERINE
PONDER,

     Plaintiffs - Appellees,

v.

KEITH DARON SYLING, individually
and in his former, official capacity as
Chief of Police, for the Alamogordo
Police Department; ROGER
SCHOOLCRAFT, individually and in his
official capacity as Detective Lieutenant
and Deputy Chief of Police for the
Alamogordo Police Department; DAVID
KUNIHIRO, individually and in his
official capacity as Lieutenant for the
Alamogordo Police Department;
AUDRA SMITH, individually and in her
official capacity as Executive Assistant
for the Alamogordo Police Department,

     Defendants - Appellants.

No. 18-2112

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:18-CV-00173-JAP-GJF)**

_____

Submitted on the briefs:[*]

James P. Sullivan and Frank D. Weissbarth, Brennan & Sullivan, P.A., Santa Fe, New Mexico, for Defendants-Appellants.

Rebekah A. Scott Courvoisier, Courvoisier Law, LLC, Alamogordo, New Mexico, for Plaintiffs-Appellees.

_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.

_____

**BRISCOE**, Circuit Judge.

_____

Defendants Keith Daron Syling, Roger Schoolcraft, David Kunihiro and Audra Smith (collectively "Defendants") are officers or employees of the Alamogordo Police Department (APD) who were allegedly responsible for the public release of information regarding the arrest of a juvenile, A.N, in violation of New Mexico law. A.N. and her mother, Katherine Ponder, (collectively "Plaintiffs") brought this action against Defendants and others, asserting claims under federal and state law. Defendants appeal the district court's denial of their motion to dismiss Plaintiffs' equal protection claim under 42 U.S.C. § 1983 based on qualified immunity. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

## BACKGROUND[1]

In 2017, A.N., then sixteen, was arrested by an APD detective pursuant to an arrest warrant. The warrant was issued by a judge in the New Mexico Children's Court (Children's Court) based on an affidavit in which an APD detective alleged A.N. had committed a delinquent act, that is, an act "that would be designated as a crime under the law if committed by an adult," N.M. Stat. Ann. § 32A-2-3(A). Because A.N. was less than eighteen years old, she was considered a juvenile and was detained at a juvenile detention facility after her arrest. On the same day A.N. was arrested, two adults were arrested and charged with the same crime referenced in A.N.'s arrest warrant.

Four days after A.N.'s arrest, Defendant Kunihiro prepared a news release ("News Release") regarding the arrest of the two adults and A.N. which included the charges brought and the crime allegedly committed. The News Release identified A.N. by name, reported the crime she had been charged with, and stated that she was sixteen and being held at a juvenile detention facility. At Defendant Smith's suggestion, the News Release included A.N.'s booking photo. Defendants Syling and Schoolcraft, APD's Chief and Deputy Chief, respectively, reportedly approved the News Release before it was released to the public.

---

[1] The facts included in this section are drawn from Plaintiffs' corrected complaint and are accepted as true for purposes of reviewing the district court's decision on Defendants' motion to dismiss. *See Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

3

The APD, acting through Defendant Smith or another as-of-yet unidentified APD employee, provided the News Release to media and news organizations and posted it on APD's public Facebook page. By the next day, the News Release, including the information related to A.N. and her arrest, had been picked up and published by various media organizations, including TV stations in Albuquerque and El Paso. The APD's Facebook post of the News Release had also been viewed and shared hundreds of times and generated more than 100 comments.

Plaintiffs allege, and Defendants have not disputed, that New Mexico's Children's Code and other state rules and regulations provide that arrest and delinquency records relating to a child are confidential and that information from these records may not be disclosed directly or indirectly to the public. *See, e.g.*, N.M. Stat. Ann. § 32A-2-32(A), (C) (providing as part of New Mexico's Delinquency Act that all records pertaining to a child in the possession of the state department responsible for delinquency proceedings "are confidential and shall not be disclosed directly or indirectly to the public" by state officials or others, including law enforcement officials); *id.* § 32A-2-32.1 (prohibiting state agencies, municipalities and others from "disclos[ing] on a public access web site maintained by it any information concerning . . . an arrest or detention of a child [or] delinquency proceedings for a child"). Because a child is defined for these purposes as a person who is less than eighteen years old, *see* N.M. Stat. Ann. § 32A-1-4(A), it is further undisputed that A.N., as a sixteen-year-old, was entitled to the benefit of

4

these state law protections and that Defendants violated one or more of these state statutes and rules in publicly disclosing her confidential information.[2]

A.N.'s mother learned of the News Release shortly after APD posted it on Facebook. She called to complain about the release of information about A.N. and was told by Defendant Smith that APD was allowed to release this information because A.N. at sixteen was "the age of consent," and because she had been physically arrested. Aplt. App. Vol. I at 57. But APD removed all references to A.N. from the Facebook post on the following day, after receiving correspondence from an attorney representing A.N. and her mother requesting the immediate removal of this information. Nonetheless, information regarding A.N. and her arrest remains publicly available today on internet sites maintained by media and other organizations that received the News Release from APD.

Plaintiffs brought this action against APD, the Defendants in their individual and official capacities, and others, alleging that the disclosure of A.N.'s name and the

---

[2] After failing to dispute that their alleged actions violated New Mexico's juvenile confidentiality laws in the district court or in their opening brief in this court, Defendants argued for the first time in their reply brief that one of the confidentiality rules cited by Plaintiffs, N.M. Ct. R. 10-166 (regarding public inspection and sealing of Children's Court records), might not apply. It is not clear to us how or if this argument, even if it has merit, would negate Defendants' as-yet undisputed violation of the other New Mexico statutes and rules cited by Plaintiffs. But we need not resolve these questions, because Defendants forfeited this argument for purposes of appellate review by not raising it below or in their opening brief. *See, e.g.*, *Parker Excavating, Inc. v. LaFarge W., Inc.*, 863 F.3d 1213, 1224 (10th Cir. 2017) (stating theory not raised before district court is forfeited); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (same as to arguments not raised in opening brief on appeal).

information concerning her arrest violated the Children's Code and other New Mexico rules and regulations, violated their right to procedural and substantive due process and to equal protection under the United States and New Mexico Constitutions, and constituted various torts under New Mexico law. In support of their federal equal protection claim, Plaintiffs alleged Defendants violated Plaintiffs' right to equal protection under the law because they and the APD, by official policy or actions, treated A.N. and other juvenile arrestees sixteen or over differently from juvenile arrestees under sixteen with respect to publicly disclosing information about their arrest and delinquency, notwithstanding New Mexico's laws prohibiting the disclosure of this information for all children under the age of eighteen. Plaintiffs sought damages and injunctive relief on this claim.

APD, Defendants, and the other defendants moved to dismiss a number of Plaintiffs' claims on different grounds. As relevant to this appeal, Defendants moved to dismiss Plaintiffs' § 1983 equal protection claim against them in their individual capacities under Fed. R. Civ. P. 12(b)(6) based on qualified immunity. Although the district court granted Defendants' motion in most respects, it denied the motion as to Plaintiffs' federal equal protection claim, concluding Defendants were not entitled to qualified immunity on it. Defendants timely appealed the district court's denial of their motion to dismiss this claim.[3]

_____

[3] The APD and other defendants named in Plaintiffs' complaint were originally parties to this appeal but were dismissed on Plaintiffs' unopposed motion.

6

## DISCUSSION

### A. Appellate Jurisdiction

"Although an order denying a motion to dismiss based on qualified immunity is not a final judgment, this court has jurisdiction under 28 U.S.C. § 1291 to review the order to the extent that it turns on an issue of law." *Wilson*, 715 F.3d at 852 (internal quotation marks omitted). In response to our order directing the parties to address the jurisdictional issue, Defendants asserted their appeal turns on an issue of law because the facts alleged by Plaintiffs are taken as true for purposes of their Rule 12(b)(6) motion and the issue on appeal—whether the district court erred in finding the law clearly established that their alleged actions violated Plaintiffs' equal protection rights—is a pure question of law. We agree, *see Garrett v. Stratman*, 254 F.3d 946, 951 (10th Cir. 2001) ("[W]hether a given constitutional or statutory right was clearly established at the time the defendant acted presents a purely legal question." (internal quotation marks omitted)), and therefore conclude we have jurisdiction to review the district court's denial of qualified immunity on Plaintiffs' equal protection claim.

### B. Standard of Review

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Accordingly, when a defendant raises a qualified immunity defense in a

7

Rule 12(b)(6) motion, "the court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the violation." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). We review "the district court's denial of a motion to dismiss based on qualified immunity de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing the allegations in the light most favorable to the non-moving party." *Wilson*, 715 F.3d at 852.

## C. Analysis

Though the issue on appeal is whether Plaintiffs' constitutional right to equal protection was clearly established at the time in question, a brief discussion of the contours of this right and Plaintiffs' equal protection claim will assist in that assessment.

### 1. The right to equal protection

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (internal quotation marks omitted). An

8

equal protection claim may be asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166. A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564.

The district court held Plaintiffs sufficiently stated an equal protection claim because they alleged Defendants, intentionally and without a rational basis, differentiated between similarly situated juvenile arrestees, A.N. and other sixteen- and seventeen-year-old arrestees and arrestees younger than sixteen, in deciding whether to publicly disclose information regarding their arrest and delinquency even though New Mexico law prohibits the disclosure of such information for all children under the age of eighteen.[4] Defendants did not dispute that this alleged conduct violated Plaintiffs' constitutional right to equal protection in their motion to dismiss or challenge the district court's ruling on this issue in its opening brief.[5] Instead, Defendants contend only that it was not clearly established when they publicly

---

[4] Plaintiffs allege Defendants' actions violated the equal protection rights of both A.N. and her mother. The district court did not specifically address this contention in its decision and Defendants did not challenge it on appeal. Accordingly, we assume without deciding that Defendants' actions violated both Plaintiffs' constitutional rights to equal protection.

[5] Defendants suggest in their reply brief for the first time that that no violation occurred because it was not irrational for them to treat an older juvenile like A.N. differently from younger juveniles in deciding whether to release her confidential information. But Defendants forfeited appellate review of this contention by failing to raise it before the district court or in their opening brief to this court. *See Parker Excavating*, 863 F.3d at 1224; *Bronson*, 500 F.3d at 1104.

9

disclosed A.N.'s confidential information in violation of New Mexico law that doing so would violate Plaintiffs' equal protection rights. We turn to that issue now.

### 2. Clearly established right

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (internal quotation marks omitted). "A Supreme Court or Tenth Circuit decision on point or the weight of authority from other courts can clearly establish a right," *Halley v. Huckaby*, 902 F.3d 1136, 1144 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1347 (2019), but a case directly on point is not required so long as "existing precedent [has] placed the statutory or constitutional question beyond debate," *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (internal quotation marks omitted); *see York v. City of Las Cruces*, 523 F.3d 1205, 1212 (10th Cir. 2008) (reporting that clearly established law "does not mean that there must be a published case involving identical facts; otherwise we would be required to find qualified immunity wherever we have a new fact pattern" (internal quotation marks omitted)). The dispositive question in all cases is whether "the violative nature" of the particular conduct at issue is clearly established. *Mullenix*, 136 S. Ct. at 308 (internal quotation marks omitted); *see Halley*, 902 F.3d at 1144.

The district court held the law defining a person's right to equal protection under the law was sufficiently clear, based on the authority cited above, that Defendants had notice that publicly disclosing confidential arrest and other

10

information regarding some juveniles, like A.N., but not others, in direct violation of New Mexico law, would violate Plaintiffs' equal protection rights. Defendants challenge this conclusion, arguing this clearly established law is too general for them to have understood that their actions violated A.N.'s equal protection rights. Instead, they assert they are entitled to qualified immunity because there is no Supreme Court or Tenth Circuit decision "holding that a disclosure of information about an older juvenile's arrest, when similar information about younger juveniles is not disclosed, violates the Equal Protection Clause." Aplts.' Opening Br. at 19.

We are not persuaded. Defendants' argument relies on the Supreme Court's decisions in *Mullenix v. Luna* and *White v. Pauly*, which they read as mandating that a constitutional right is only clearly established if there is "a Supreme Court or Tenth Circuit opinion finding a constitutional violation on facts similar to those alleged in the complaint." *Id.* at 18. Defendants base this reading on the Supreme Court's reiteration in *Mullenix* and *Pauly* that courts should not define clearly established law "at a high level of generality" and should ensure that clearly established law is "particularized to the facts of the case." *Pauly*, 137 S. Ct. at 552 (internal quotation marks omitted); *see Mullenix*, 136 S. Ct. at 308. But Defendants ignore that the Court tempered this direction in *Pauly* by also acknowledging that clearly established general rules of law can provide notice of the unlawfulness of an official's conduct in appropriate circumstances. More specifically, the Court recognized in *Pauly*, as it has in decisions before and after it, that "general statements of the law are not inherently incapable of giving fair and clear warning to officers" that their conduct

11

violates a constitutional right, and that such statements provide the required notice when "the unlawfulness" of their conduct is "apparent" from the pre-existing law. *Pauly*, 137 S. Ct. at 552 (internal quotation marks omitted); *see Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). In other words, "[g]eneral statements of the law can clearly establish a right for qualified immunity purposes if they apply with obvious clarity to the specific conduct in question." *Halley*, 902 F.3d at 1149 (internal quotation marks omitted); *see Hope*, 536 U.S. at 741. And this is so "even though the very action in question has not previously been held unlawful." *Hope*, 536 U.S. at 741 (brackets and internal quotation marks omitted).[6]

We agree with the district court that the clearly established rule prohibiting intentional, arbitrary and unequal treatment of similarly situated individuals under the law applies with obvious clarity to Defendants' alleged actions and policy of discriminating between A.N. and other sixteen- and seventeen-year-old juvenile arrestees and younger juvenile arrestees in complying with New Mexico's laws prohibiting the public disclosure of juvenile arrest and delinquency information. This rule is not too general to define clearly established law because "the unlawfulness" of Defendants' conduct "follow[s] immediately from the conclusion" that this general rule exists and is clearly established. *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590

---

[6] We relied on these principles in a recent decision to hold that a general rule of law was sufficiently specific, and applied with such obvious clarity, that it constituted clearly established law placing the defendants on notice that their actions violated the plaintiff's constitutional right. *See Halley*, 902 F.3d at 1149.

(2018) (internal quotation marks omitted). As a result, Defendants violated

Plaintiffs' clearly established right to equal protection by their alleged actions.[7]

Furthermore, our conclusion that Plaintiffs' equal protection rights were

clearly established is consistent with the purpose underlying the Supreme Court's

statement of the "clearly established law" standard in *Mullenix* and *Pauly*. As the

Court explained in *Pauly*, the requirement that clearly established law be

"particularized to the facts of the case" is intended to prevent plaintiffs from

"convert[ing] the rule of qualified immunity into a rule of virtually unqualified

liability simply by alleging violation of extremely abstract rights." *Pauly*, 137 S. Ct.

at 552 (ellipsis and internal quotation marks omitted). This concern is particularly

acute in Fourth Amendment cases, such as *Mullenix* and *Pauly*, because of the

"imprecise nature" of the relevant legal standards and the fact-intensive assessment

required to determine whether a violation occurred. *Wesby*, 138 S. Ct. at 590

(stressing need for specificity in identifying clearly established Fourth Amendment

standards); *see Mullenix*, 136 S. Ct. at 308 (specificity "is especially important in the

---

[7] The district court also cited *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972), in support of its ruling that Plaintiffs had alleged a violation of their clearly established equal protection rights. In *Lamb*, we held an Oklahoma statute that defined "juveniles" for purposes of criminal proceedings as males under sixteen years of age and females under eighteen years of age violated the equal protection rights of males over sixteen because there was no logical constitutional justification for this disparate treatment of males and females of the same age. *See id.* at 19-20. This decision supports our conclusion that A.N.'s right to equal protection was clearly established, because it provides notice of something that should go without saying, which is that equal protection principles apply to the treatment of juveniles in criminal proceedings, just as they do to individuals in other settings.

Fourth Amendment context" because "it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts" (internal alternations and quotation marks omitted)).

In contrast, the clearly established standard for determining whether an official has violated a plaintiff's right to equal protection under the law is not extremely abstract or imprecise under the facts alleged here, but rather is relatively straightforward and not difficult to apply. Stated differently, this general rule is sufficiently specific to have put Defendants on notice in this case that they would violate A.N.'s right to equal protection under the law if they intentionally and without a rational basis differentiated between her and similarly situated juvenile arrestees in applying New Mexico's laws against the disclosure of juvenile arrest and delinquency records. As a result, "any reasonable official in [Defendants'] shoes would have understood that he was violating" Plaintiffs' equal protection rights, *Kisela*, 138 S. Ct. at 1153 (internal quotation marks omitted), by these actions.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's denial of qualified immunity on Plaintiffs' equal protection claim. We also reaffirm the provisional order granting the parties' motions to file their appellate briefs and appendices under seal with redacted copies filed in the public record.

14