**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK ALAN STREPKA,

    Plaintiff - Appellant,

v.

MATTHEW R. THOMPSON, in his
official and individual capacity; MARCUS
A. VIGIL, in his official and individual
capacity,

    Defendants - Appellees.

No. 19-1441
(D.C. No. 1:18-CV-02557-RBJ-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

Pro se Plaintiff Mark Strepka appeals the district court's judgment dismissing

his claims under 42 U.S.C. § 1983 and its order denying his postjudgment motion

that the court review his untimely objections to the magistrate judge's

recommendation.  We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

The district court's dismissal was under Federal Rule of Civil Procedure 12(b)(6), so we assume the truth of Plaintiff's adequately pleaded nonconclusory factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). We also consider the contents of a recording of a 911 call and a video recording that are referred to in Plaintiff's complaint, because they are "referred to by the [P]laintiff and central to his claim." *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999). And we take judicial notice of Plaintiff's Colorado state judgment of conviction, a publicly filed record from another court "concerning matters that bear directly upon the disposition of the case at hand," *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007), and consider that document as well, *see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

On December 9, 2016, a Post Office supervisor called 911 to report that a man appeared to be passed out on the lobby floor and that a knife was sitting on a desk with some other personal belongings. Defendants Matthew Thompson, a paramedic, and Marcus Vigil, a Denver Police Department sergeant, were dispatched to the scene. Plaintiff claims that Sergeant Vigil "grasped and wretched [his] left wrist and arm areas in an arrest control hold also known as the twist lock and pain compliance technique." R. at 17 (emphasis omitted). While Sergeant Vigil restrained Plaintiff, Mr. Thompson searched him without consent, finding a gun and methamphetamine.

In 2017, Plaintiff was sentenced in Colorado state court for possessing a controlled substance and being a special offender because he possessed a firearm

2

when he committed the drug offense. *See* Colo. Rev. Stat. §§ 18-18-403.5(1), (2)(a), 18-18-407(1)(d)(II) (2016).

Plaintiff filed this lawsuit in October 2018. Claim one alleges that both Defendants unlawfully searched and seized him; claim two alleges that Sergeant Vigil used excessive force; and claim three alleges that Sergeant Vigil unlawfully arrested him. Defendants moved to dismiss under Rule 12(b)(6). The magistrate judge concluded that claim one is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Sergeant Vigil is entitled to qualified immunity on the remaining claims. The district court reviewed the magistrate judge's recommendation de novo, adopted it, and dismissed Plaintiff's claims.

## II. Discussion

We construe Plaintiff's pro se pleadings and briefs liberally, but we may not serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The parties devote much of their briefs to arguing whether Plaintiff waived appellate review of the merits because he did not timely object to the magistrate judge's recommendation. But we need not address that issue. A party's "failure to timely object to a magistrate's report is not jurisdictional." *Hicks v. Franklin*, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008). And, on de novo review of the merits, we readily conclude that the district court's decision was correct. *See Lincoln v. Maketa*, 880 F.3d 533, 537 (10th Cir. 2018) (standard of appellate review).

We agree with the district court that claim one is barred by *Heck*, which holds that a state prisoner may not sue for damages under § 1983 if a favorable judgment

3

"would necessarily imply the invalidity of his conviction or sentence" unless the prisoner shows "that the conviction or sentence has already been invalidated." 512 U.S. at 487. Although Plaintiff now insists that his complaint "never contested his conviction or sentence," Aplt. Opening Br. at 11 (emphasis omitted), "it is abundantly clear that [he] could not have been convicted" without the evidence found during the search, "and thus a declaration that the search was unconstitutional would undermine the convictions," *Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012). Because Plaintiff does not allege that his state conviction has been invalidated, *Heck* bars claim one at this time, and the district court properly dismissed the claim without prejudice.

Claims two and three are barred by Sergeant Vigil's qualified immunity. If a defendant raises qualified immunity in a Rule 12(b)(6) motion, as Sergeant Vigil did, "the court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the violation." *See A.N. ex rel. Ponder v. Syling*, 928 F.3d 1191, 1196 (10th Cir. 2019) (internal quotation marks omitted). We may resolve a qualified-immunity claim on either prong; we need not decide whether a violation occurred if the right was not clearly established. *See Lincoln*, 880 F.3d at 537. Although "a case directly on point" is not necessary to show that a right is clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (internal quotation marks omitted).

4

Claim two alleges that Sergeant Vigil used excessive force when he employed a "twist lock" on Plaintiff. But he offers no precedent suggesting that the use of a twist lock on someone found to possess a dangerous weapon, such as a knife, violates a clearly established right. Indeed, relevant precedent suggests the opposite. Police officers need not take unnecessary risks; they may "take such steps as are reasonably necessary to protect their personal safety and to maintain the status quo during the course of a *Terry* [*v. Ohio*, 392 U.S. 1 (1968),] stop." *United States v. Perdue*, 8 F.3d 1455, 1462 (10th Cir. 1993) (brackets and internal quotation marks omitted).

As for claim three, Plaintiff argues that Sergeant Vigil unlawfully arrested him because the use of the twist lock converted his detention into an arrest and there was not probable cause to arrest him at that time. We disagree with the premise that he was arrested when the twist lock was applied. "The use of firearms, handcuffs, and other forceful techniques does not necessarily transform a *Terry* detention into a full custodial arrest—for which probable cause is required—when the circumstances reasonably warrant such measures." *United States v. Shareef*, 100 F.3d 1491, 1502 (10th Cir. 1996) (brackets and internal quotation marks omitted); *see also United States v. Maguire*, 359 F.3d 71, 75, 77–79 (1st Cir. 2004) (officers did not exceed the bounds of a *Terry* stop when they wrestled the defendant to the ground to remove a knife from his waistband). We have already noted the precedent that appears to authorize the use of force in this case. More importantly, Sergeant Vigil is entitled to qualified immunity on count three because there is no clearly established law that Plaintiff was arrested when he was subjected to the twist lock.

5

Finally, our decision that the district court was correct on the merits moots (1) Plaintiff's challenge to the denial of his postjudgment motion that the district court consider his untimely objections to the magistrate judge's report and (2) his challenge to the denial of his motion to extend the objection deadline by 30 days. All his arguments on the merits are unpersuasive and we have not relied on any procedural bar.

### III. Conclusion

We affirm the district court's judgment and its postjudgment order. We grant Plaintiff's motion to proceed in forma pauperis.

Entered for the Court


Harris L Hartz
Circuit Judge